IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, individually and on behalf
of a proposed class,

              Plaintiff,

v.                                         **Civil Action No. 5:23-CV-46**
                                                       Judge Bailey

**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY P.A.; PRINCIPAL
LAW GROUP, LLC; MCM SERVICES
GROUP LLC;** and **JOHN DOE DEFENDANTS 1-5,**

              Defendants.

## ORDER

Pending before this Court is Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.'s Motion to Dismiss Plaintiff's Complaint [Doc. 23], filed May 25, 2023. Plaintiff filed a Response in Opposition [Doc. 28] on June 15, 2023. Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.'s ("Levin Law") filed a Reply [Doc. 31] on June 29, 2023. Accordingly, this matter is ripe for adjudication. For the reasons that follow, Levin Law's Motion will be denied.

## BACKGROUND

This case arises out of the allegation that defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In the Complaint, plaintiff alleges "[d]efendants and their agents, acting as a common enterprise to solicit clients for mass tort cases relating to toxic water exposure at Camp Lejeune, knowingly engaged in a

1

pattern and practice of illegal telemarketing in violation of the TCPA." [Doc. 2 at ¶ 2]. Plaintiff alleges that "[d]efendants and their agents violated the TCPA by initiating calls to Mey and other putative class members whose numbers are registered on the National Do Not Call Registry." [Id].

Levin Law seeks dismissal of plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  First, Levin Law argues that this Court lacks personal jurisdiction over Levin Law.  Second, Levin Law argues that plaintiff lacks Article III standing.  Third, Levin Law argues that plaintiff failed to plead direct or vicarious liability. Fourth, Levin Law argues that plaintiff failed to plead a violation of the TCPA.

## **LEGAL STANDARDS**

### I.     **Rule 12(b)(2)**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts that support the existence of jurisdiction.  See ***Carefirst of Md., Inc. v. Carefirst Pregnancy Crisis Ctrs., Inc.***, 334 F.3d 390, 396 (4th Cir. 2003) ("When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff.").  Ultimately, plaintiffs must establish personal jurisdiction by a preponderance of the evidence.  ***New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.***, 416 F.3d 290, 294 (4th Cir. 2005); ***Carefirst of Md., Inc.***, 334 F.3d at 396.  At this stage of the case, however, a plaintiff must establish a prima facie case for the exercise of personal jurisdiction by pointing to affidavits or other relevant evidence.  See ***New Wellington Fin. Corp.***, 416 F.3d at 294; ***Carefirst of Md., Inc.***, 334 F.3d at 396.

2

## II. Rule 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See ***Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

## III. Rule 12(b)(6)

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); see also ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (applying the ***Twombly*** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the

plaintiff. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

"Matters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## DISCUSSION

Levin Law seeks dismissal of plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). See [Docs. 23 & 24]. Levin Law seeks dismissal for four (4) reasons. First, Levin Law alleges that this Court does not have personal jurisdiction over it. [Doc. 23 at 1 & Doc. 24 at 14–18]. Second, Levin Law claims

4

that plaintiff lacks standing to bring a TCPA claim against Levin Law. [Doc. 23 at 1–2 & Doc. 24 at 18–22]. Third, Levin Law argues that the Complaint fails to plead vicarious liability against Levin Law. [Doc. 23 at 2 & Doc. 24 at 22–26]. Finally, Levin Law argues that plaintiff does not plead a Do-Not-Call ("DNC") claim. This Court will address each in turn.

### A.     12(b)(2)

Levin Law first seeks dismissal of plaintiff's Complaint on the basis that this Court lacks personal jurisdiction over it. *See* [Doc. 23 at 1 & Doc. 24 at 15–18]. Plaintiff argues this Court has specific jurisdiction over Levin Law. [Doc. 28 at 7–11].

"To validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied." ***Christian Sci. Bd. Dirs. of the First Church of Christ v. Nolan***, 259 F.3d 209, 215 (4th Cir. 2001). First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must not "overstep the bounds" of the Fourteenth Amendment's Due Process Clause. ***Anita's N.M. Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.***, 201 F.3d 314, 317 (4th Cir. 2000).

The scope of this Court's inquiry is therefore whether a defendant has "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." ***Int'l Shoe Co. v. Washington***, 326 U.S. 310, 316 (1945) (citations omitted). A defendant has minimum contacts with a state when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." ***World-Wide Volkswagen***

*Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Under this standard, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The analytical framework for determining whether personal jurisdiction exists differs according to which type of personal jurisdiction–general or specific–is alleged. *See generally* *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623–24 (4th Cir. 1997). When a cause of action arises from a defendant's contacts with the forum, a court may seek to exercise specific jurisdiction over a defendant that purposefully directs activities toward the forum state when the litigation results from alleged injuries that arise out of or related to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985). When the cause of action does not arise out of a defendant's contacts with the forum, general jurisdiction may be exercised upon a showing that the defendant's contacts are of a "continuous and systematic" nature. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

1. **General Jurisdiction**

General jurisdiction is exercisable when the defendant has continuous and systematic contacts with the forum state. *ALS Scan, Inc. v. Digit Serv. Consultants, Inc.*, 292 F.3d 707, 712 (4th Cir. 2002). "General jurisdiction may be exercised when the defendant has contacts with the forum jurisdiction that are 'so constant and pervasive as to render it essentially a home in the forum State.'" *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131–32 (4th Cir. 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)).

A corporation is "regarded as at home [in] the forum where it is incorporated and where it has its principal place of business. *Fidrych*, 952 F.3d at 132 (citing *Goodyear Dunlop Tires Operations, S.A. Brown*, 564 U.S. 915 (2011)). The hallmark of general jurisdiction is that the defendants' contacts with the forum state is so extensive that it should foresee being haled into court. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In the Complaint, plaintiff sets forth that Levin Law is a Florida professional corporation with a principal place of business in Pensacola, Florida. [Doc. 2 at ¶ 6]. Accordingly, this Court finds that it does not have general jurisdiction over Principal Law Group.

### 2.     Specific Jurisdiction

Because this Court may not exercise general jurisdiction over Levin Law, this Court must now consider whether specific jurisdiction will permit this Court to exercise jurisdiction over Levin Law.

The Fourth Circuit uses a three-prong test to determine whether a defendant has established minimum contacts with the forum state: (1) whether and to what extent the defendant purposely availed itself of the privileges of conducting activities in the forum state, thus invoked the benefits and protections of its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally "reasonable." *Nolan*, 259 F.3d at 215–16 (citing *Helicopteros*, 466 U.S. at 414–16; *Burger King*, 471 U.S. at 472, 476–77). "Each element must be present to support specific jurisdiction." *Lullen v. Gulick*, 2012 WL 1029577, at *5 (N.D. W.Va. Mar.

26, 2012) (Keeley, J.) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctr., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003)).

> In *Mey v. All Access Telecom, Inc.*, this Court stated:
>
> As noted in *Abedi v. New Age Med. Clinic, P.A.*, "[t]he first part of the three part test encompasses two distinct concepts, 'purposeful direction' and 'purposeful availment.' *Lazar v. Kroncke*, 862 F.3d 1186, 1201 (9th Cir. 2017). 'Purposeful availment' is generally used to analyze contract claims, while 'purposeful direction' is used to analyze tort claims. *Picot* [*v. Weston*], 780 F.3d [1206,] at 1212. The only claims alleged in this case are for violations of the TCPA. Because the TCPA claims sound in tort, see *Lowe v. CVS Pharmacy, Inc.*, 233 F.Supp.3d 636, 643 (N.D. Ill. 2017); *Cayanan v. Citi Holdings, Inc.*, 928 F.Supp.2d 1182, 1207–08 (S.D. Cal. 2013), the Court will limit its discussion to 'purposeful direction.' *Cf. Picot*, 780 F.3d at 1212." 2018 WL 3155618, at *2 n.2 (E.D. Cal. June 25, 2018).

2021 WL 8892199, at *3 (N.D. W.Va. Apr. 23, 2021) (Bailey, J.).

Levin Law argues that this Court lacks specific jurisdiction over it as Levin Law did not purposefully direct the alleged tortious activity. [Doc. 24 at 14–17]. In support, Levin law relies on this Court's opinion in *All Access Telecom*, where it alleges this Court determined that the defendant met the "purposeful direction" test because it "instructed [a third-party] to deliver the call to Ms. Mey's West Virginia phone number" and found that "[e]ach Defendant was paid to send these calls into West Virginia, each knew the calls where headed to West Virginia, and the calls were in fact received in West Virginia."

[Id. 16]. Levin Law argues that the present case is distinguishable from *All Access Telecom* because Levin Law did not solicit plaintiff or target plaintiff's phone number, the complaint does not allege that Levin law instructed MCM to contact plaintiff in West Virginia, and the complaint does not allege that Levin Law knew what MCM was doing. [Id. at 16–17]. Further, Levin Law contends that the purposeful availment prong cannot be satisfied because Levin Law was not involved in the delivery or approval of communications received within West Virginia. [Id. at 17].

In response, plaintiff argues that Levin Law has purposefully availed[1] itself of the privilege of conducting business in West Virginia. [Doc. 28 at 7–9]. Plaintiff first alleges as a direct result of MCM Services Group, LLC ("MCM") and Principal Law's illegal solicitation, she received a representation agreement, which specifically contemplated that Levin Law would provide legal services to plaintiff, who is a West Virginia resident. [Id. at 8]. As such, plaintiff contends that Levin Law contemplated a substantial, profitable, and continuing relationship with a West Virginia resident by agreeing to represent her in the Camp Lejune litigation. [Id.]. Plaintiff also argues that this Court can reasonably infer that Levin Law's contacts with West Virginia extend beyond that of plaintiff on the basis that Mark Proctor's Declaration does not state that Levin Law's contacts with West Virginia are exclusive to plaintiff, that its firm's marketing efforts stopped at the West Virginia border, or that Levin Law does not have a single West Virginia client for the Camp Lejeune litigation. [Id.].

---

[1] Levin Law takes issue with plaintiff's contention that Levin Law purposefully availed itself to the forum state by arguing that the appropriate test is whether Levin Law purposefully directed activity towards the forum. [Doc. 31 at 12 n.12].

9

In reply, Levin Law argues that plaintiff failed to make a prima facie showing that the Court has specific jurisdiction over it. [Doc. 31 at 13].

This Court informed in **Mey v. Venture Data, LLC**:

> In **Charvat v. EchoStar Satellite, LLC**, 630 F.3d 459, 468 (6th Cir. 2010), the Sixth Circuit was faced with the issue of whether the TCPA and its accompanying regulations permitted a plaintiff to recover damages under Sections 227(b) and (c) from a defendant that did not place any illegal calls but whose independent contractors did so in attempts to sell the products and services of the defendant. The Sixth Circuit invoked the doctrine of primary jurisdiction and referred the matter to the Federal Communications Commission ("FCC") to allow the agency to interpret certain provisions of the TCPA and its accompanying regulations. The FCC issued a declaratory ruling clarifying that, even though a seller may not have initiated or made a call under the TCPA, the seller may nonetheless be vicariously liable under the TCPA based on federal common law principles of agency for violations of Sections 227(b) and (c) that are committed when a third-party telemarketer initiates or places an unlawful call on behalf of the seller. **In re Dish Network, LLC**, 28 FCC Rcd. 6574, 2013 WL 1934349 (May 9, 2013)." **Cunningham v. Kondaur Capital**, 2014 WL 8335868, at *5 (M.D. Tenn. Nov. 19, 2014), *report and recommendation approved*, 2015 WL 1412737 (M.D. Tenn. Mar. 26, 2015).
>
> The FCC opined that "a seller cannot avoid liability simply by

delegating placing the call to a third-party. The FCC determined that 'while a seller does not generally "initiate" calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of [ ] section 227(b) ... that are committed by third-party telemarketers.' See *Id*. at 6574. This includes 'a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.' *Id.* at 6584." **Hossfeld v. Gov't Employees Ins. Co.**, 88 F.Supp.3d 504, 510 (D. Md. 2015) (Quarles, J.).

    The FCC also stated:

[T]he seller is in the best position to monitor and police TCPA compliance by third-party telemarketers.... We thus agree that, consistent with the statute's consumer protection goals, potential seller liability will give the seller appropriate incentives to ensure that their telemarketers comply with our rules.... By contrast, allowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case.... Even where third-party telemarketers are

11

> identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief.

**Melito v. Am. Eagle Outfitters, Inc.**, 2015 WL 7736547, at *5 (S.D.N.Y. Nov. 30, 2015), quoting 28 FCC Rcd. at 6588.

245 F.Supp.3d 771, 786 (N.D. W.Va. Mar. 29, 2017) (Bailey, J.).

In the present case, Levin Law was not directly involved in the telephone calls plaintiff received as plaintiff makes no assertions or argument that anyone from Levin Law participated in the telephone calls. See [Doc. 2]. However, plaintiff asserts that the representation agreement she received from Principal Law "was between Mey and Levin Law and provided that [Levin] Law would provide legal services to Mey." [Id. at ¶ 30]. Moreover, the representation agreement identified Principal Law as Levin Law's associate counsel. [Id.]. Accordingly, plaintiff has provided sufficient facts for this Court to reasonably infer that the calls were made by an agent under Levin Law's control. As such, the allegations made by the plaintiff in her Complaint plausibly connect Levin Law to the alleged calls and are sufficient to state a claim under the TCPA.

As a final matter regarding personal jurisdiction, Levin Law argues that this Court does not have jurisdiction over out-of-state class members. [Doc. 24 at 17–18]. In support, Levin Law cites **Bristol-Myers Squibb Co. v. Superior Ct. of Cali., San**

*Francisco Cnty.*, 137 S.Ct. 1773 (2017). "However, that case does not support [Levin Law's] position, as that issue was not reached in the case. *Id.* at n.4 ('The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there.')." *Vance v. DirecTV, LLC*, 2022 WL 3044653, at *10, n.6 (N.D. W.Va. Aug. 1, 2022) (Bailey, J.). "Further, two federal circuit courts have addressed Levin Law's contention in the context of a TCPA class action, and both concluded only the named plaintiffs, and not absent class members, must establish personal jurisdiction in the forum state. See *Lyngass v. Curagen AG*, 992 F.3d 412, 433 (6th Cir. 2001); *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447–48 (7th Cir. 2020)." *Id.*

**B.    12(b)(1)**

To establish Article III standing, plaintiffs must plausibly allege that they have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing these elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Levin Law argues that plaintiff lacks Article III standing in the basis that the alleged calls, which were initiated by MCM, are not fairly traceable to any conduct by Levin Law. [Doc. 24 at 19]. Further, Levin Law argues that plaintiff's complaint does not allege sufficient facts demonstrating that plaintiff has Article III standing to bring a TCPA claim against Levin Law. [Id. at 20]. This Court disagrees. As discussed above, plaintiff makes

no assertion that Levin Law directly called plaintiff or that Levin Law participated in the telephone calls. See [Doc. 2]. However, plaintiff asserts that the representation agreement she received from Principal Law "was between Mey and Levin Law and provided that [Levin] Law would provide legal services to Mey." [Id. at ¶ 30]. Moreover, the representation agreement identified Principal Law as Levin Law's associate counsel. [Id.]. Accordingly, this Court finds that at this stage of litigation, plaintiff has provided sufficient facts for this Court to reasonably infer that the calls were made by an agent under Levin Law's control. As such, the allegations made by the plaintiff in her Complaint are fairly traceable to that of Levin Law (at least at this stage of litigation) and thus plaintiff has standing to bring a TCPA claim.

**C.    12(b)(6)**

Levin Law also seeks to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for two (2) reasons. First, Levin Law argues that plaintiff failed to plead a theory of liability against Levin Law. [Doc. 24 at 21–26]. Second, Levin Law claims that plaintiff failed to state a do-not-call claim under the TCPA. [Id. at 26–32]. For the reasons that follow, both arguments fail.

**1.    Vicarious Liability**

Levin Law argues that plaintiff's complaint fails to plausibly allege that Levin Law is vicariously liable for the alleged phone calls. [Id. at 21–26]. This Court has construed the complaint in the light most favorable to the plaintiff for the purposes of deciding Levin Law's Motion to Dismiss. In doing so, this Court finds that (at this stage of litigation) plaintiff's complaint asserts sufficient factual allegations against Levin Law to survive Levin Law's

14

12(b)(6) Motion to Dismiss. This Court finds that the plaintiff's complaint asserts factual allegations against Levin Law sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In order to properly state a claim for relief, plaintiff is required to provide a "short and plain statement of the claim" that gives defendants "fair notice of what the claim is and the grounds upon which it rests." *Id.* Plaintiff has met this standard and her claims are pled with sufficient specificity.

### 2. Do-not-call Registry

Section 227(c) of the TCPA and the corresponding regulations prohibit businesses from placing "telephone solicitation" calls to a "residential telephone subscriber" who has placed her phone number on the National Do Not Call Registry. 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2). A person who receives more than one call within a twelve-month period that violates those regulations may bring a private action under section 227(c). 47 U.S.C. § 227(c)(5).

Levin Law argues that plaintiff has failed to state a DNC claim under 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2) for three (3) reasons. First, Levin Law argues that the TPCA applies only to residential telephones and based upon the statutory language, does not extend to cell phones. [Doc. 24 at 27]. Second, Levin Law argues that even if calls to cell phones are actionable, plaintiff fails to sufficiently allege that her telephone number was used for residential purposes. [Id. at 29–30]. Finally, Levin Law argues that plaintiff fails to sufficiently allege that she registered her telephone number on the DNC Registry. [Id. 30–32].

"The Fourth Circuit has not addressed whether cell phone owners are considered

'residential telephone subscribers.'" ***Gaker v. Q3M Insurance Solutions***, 2023 WL 2472649, at *2 (W.D. N.C Feb. 8 2023) (Cayer, M.J.). Courts that have addressed this issue are split as to whether the TCPA extends to wireless telephone numbers. On the one hand, a number of courts have found that the DNC provisions of the TCPA do not apply to cell phones. *See e.g.*, ***id.*** at 3; ***Johnson v. Palmer Admin. Servs., Inc.***, 2022 WL 17546957, at *8 (E.D. Tex. Oct. 20, 2022), *report and recommendation adopted*, 2022 WL 16919786 (E.D. Tex. Nov. 14, 2022); ***Cunningham v. Creative Edge Mktg., LLC***, 2021 WL 3085415, at *5 (E.D. Tex. June 16, 2021), *report and recommendation adopted*, 2021 WL 3085399 (E.D. Tex Nov. 14, 2022); ***Callier v. Greensky, Inc.***, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021); ***Strange v. Doe #1***, 2020 WL 2476545, at *3 (W.D. La. May 12, 2020); ***Cunningham v. Sunshine Consulting Grp., LLC***, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018), *report and recommendation adopted*, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018); ***Shelton v. Fast Advance Funding, LLC***, 378 F. Supp. 3d 356, 363 n.7 (E.D. Pa. May 8, 2019); ***Cunningham v. Spectrum Tax Releif, LLC***, 2017 WL 3222559, at *3 (M.D. Tenn. July 7, 2017); and ***Cunningham v. Enagic USA Inc.***, 2017 WL 2719992, at *5–6 (M.D. Tenn. June 23, 2017).

On the other hand, a number of courts have concluded that a cell phone user can qualify as "a residential telephone subscriber" under 47 C.F.R. § 64.1200(c)(2). *See e.g.*, ***Smith v. Truman Rd. Dev., LLC***, 2020 WL 2044730, at *10 (W.D. Mo. Apr. 28, 2020); ***Hodgin v. Parker Waichman LLP***, 2015 WL 13022289, at *3 (W.D. Ky. Sept. 30, 2015): ***Stevens-Bratton v. TruGreen, Inc.***, 2020 WL 556405, at *4 (W.D. Tenn. Feb. 4, 2020); ***Izor v. Abacus Data Sys., Inc.***, 2019 WL 3555110, at *2 (N.D. Cal. Aug. 5, 2019);

***Rosenberg v. LoanDepot.com LLC***, 435 F.Supp. 3d 308, 324 (D. Mass. Jan. 24 2020); ***Hand v. Beach Ent. KC, LLC***, 456 F.Supp. 3d 1099, 1120 (W.D. Mo. 2020); ***Chennette v. Porch.com, Inc.***, 50 F.4th 1217, 1223 (9th Cir. 2022); ***Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.***, 603 F.Supp. 3d 1334, 1342 (S.D. Fla. 2022); ***Hunsinger v. Alpha Cash Buyers, LLC***, 2022 WL 562761, at *2 (N.D. Tex. Feb. 24, 2022).

While this Court has not specifically addressed whether calls to cell phones used for residential purposes are actionable under 47 U.S.C. 227(c)(5) and 47 U.S.C. § 64.1200(c)(2), this Court has never dismissed a complaint on this ground. *See e.g.,* ***Mey v. Matrix Warranty Sols., Inc.***, 2021 WL 11421816 (N.D. W.Va. Oct. 15, 2021) (Bailey, J.).

In the present case, plaintiff asserts that her cell phone is used for residential purposes. As such, this Court finds that the calls placed to her cell phone, which is used for residential purposes, are actionable under the TCPA. This Court finds no compelling reason to find otherwise in this case.

Further, based on a consideration of the pleadings, and in accepting all well-pleaded allegations in plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, this Court finds that plaintiff sufficiently pled that her cell phone is used for residential purposes and her cell phone number is listed on the National Do Not Call Registry. Accordingly, at this stage of the proceedings, this Court denies Levin Law's Motion to dismiss plaintiff's TCPA claim.

## **CONCLUSION**

For the reasons stated above, Defendant Principal Law Group, LLC's Motion to Dismiss Plaintiff's Complaint [**Doc. 23**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: July 18, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**