# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# —WHEELING DIVISION—

| | |
|---|---|
| DIANA MEY, individually and on behalf of a proposed class,<br>　　　　　　　　　　Plaintiff,<br>　　v.<br>LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY P.A.; PRINCIPAL LAW GROUP, LLC; MCM SERVICES GROUP LLC; and JOHN DOE DEFENDANTS 1-5,<br>　　　　　　　　　　Defendants. | Civil Action No. 5:23-CV-46 |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CERTIFY ONE DISTINCT ISSUE FOR INTERLOCUTORY APPEAL

## TABLE OF CONTENTS

                                                                         **Page**

I.     INTRODUCTION .................................................................................................1

II.    ARGUMENT .......................................................................................................2

         A.     The TCPA's DNC provisions apply only to "residential telephone subscribers." ........................................................................2

         B.     The Court's Order involves a controlling question of law: whether cell phone users are considered "residential telephone subscribers" under the TCPA ...........................................................3

         C.     Substantial grounds for differences of opinion exist as to the controlling question of law ...................................................................4

         D.     An immediate interlocutory appeal would materially advance the ultimate termination of this case .....................................................5

         E.     This case should be stayed during the pendency of any appellate proceedings ........................................................................................7

III.   CONCLUSION ....................................................................................................8

## TABLE OF AUTHORITIES

Page

### CASES

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*,
   293 F.3d 707 (4th Cir. 2002) ............................................................................. 2

*B.R. v. F.C.S.B.*,
   17 F.4th 485 (4th Cir. 2021) .............................................................................. 2

*Callier v. Greensky, Inc.*,
   2021 WL 2688622 (W.D. Tex. May 10, 2021) ................................................. 4

*Chennette v. Porch.com, Inc.*,
   50 F.4th 1217 (9th Cir. 2022) ............................................................................ 4

*Cunningham v. Creative Edge Mktg.*,
   2021 WL 3085415 (E.D. Tex. June 16, 2021) .................................................. 4

*Cunningham v. Enagic USA Inc.*,
   2017 WL 2719992 (M.D. Tenn. June 23, 2017) ............................................... 4

*Cunningham v. Spectrum Tax Relief, LLC*,
   2017 WL 3222559 (M.D. Tenn. July 7, 2017) .................................................. 4

*Cunningham v. Sunshine Consulting Grp.*
   2018 WL 3496538 (M.D. Tenn. July 20, 2018) ................................................ 4

*D.C. v. Trump*,
   344 F. Supp. 3d 828 (D. Md. 2018) .................................................................. 7

*Dyer v. Smith*,
   56 F.4th 271 (4th Cir. 2022) ......................................................................... 2, 6

*FERC v. Powhatan Energy Fund*,
   949 F.3d 891 (4th Cir. 2020) ............................................................................. 5

*Gaker v. Q3M Ins. Sols.*,
   2023 WL 2472649 (W.D.N.C. Feb. 8, 2023) ......................................... 2, 3, 4, 5

*Gilmore v. Jones*,
   2019 WL 4417490 (W.D. Va. Sept. 16, 2019) ............................................. 2, 6

*Hand v. Beach Ent. KC*,
   456 F. Supp. 3d 1099 (W.D. Mo. 2020) ........................................................... 4

*Hodgin v. Parker Waichman LLP*,
   2015 WL 13022289 (W.D. Ky. Sept. 30, 2015) ................................................ 4

## TABLE OF AUTHORITIES
(continued)

Page

*Hunsinger v. Alpha Cash Buyers*,
   2022 WL 562761 (N.D. Tex. Feb. 24, 2022) ...................................................... 4

*Hutchens v. Cap. One Servs.*,
   2020 WL 6121950 (E.D. Va. Oct. 16, 2020) ...................................................... 4

*In re Trump*,
   781 F.App'x 1 (D.C. Cir. 2019) .......................................................................... 8

*In re Trump*,
   928 F.3d 360 (4th Cir. 2019) .............................................................................. 3

*In re Trump*,
   958 F.3d 274 (4th Cir. 2021) .......................................................................... 3, 8

*In re Va. Elec. & Power Co.*,
   539 F.2d 357 (4th Cir. 1976) .............................................................................. 5

*Int'l Refugee Assistance Project v. Trump*,
   323 F. Supp. 3d 726 (D. Md. 2018) .................................................................. 7

*Int'l Refugee Assistance Project v. Trump*,
   961 F.3d 635 (4th Cir. 2020) .............................................................................. 7

*Izor v. Abacus Data Sys.*,
   2019 WL 3555110 (N.D. Cal. Aug. 5, 2019) ...................................................... 4

*Johnson v. Palmer Admin. Servs.*,
   2022 WL 17546957 (E.D. Tex. Oct. 20, 2022) .................................................. 4

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974) .............................................................................. 6

*Klinghoffer v. S.N.C. Achille Lauro*,
   921 F.2d 21 (2d Cir.1990) .................................................................................. 7

*Orson, Inc. v. Miramax Film Corp.*,
   867 F. Supp. 319 (E.D. Pa. 1994) ...................................................................... 6

*Rosenberg v. LoanDepot.com LLC*,
   435 F. Supp. 3d 308 (D. Mass. Jan. 24 2020) .................................................... 4

*Shelton v. Fast Advance Funding, LLC*,
   378 F. Supp. 3d 356 (E.D. Pa. May 8, 2019) .................................................. 4, 5

*Sijapati v. Boente*,
   848 F.3d 210 (4th Cir. 2017) .............................................................................. 3

# TABLE OF AUTHORITIES
(continued)

Page

*Smith v. Truman Rd. Dev.*,
  2020 WL 2044730 (W.D. Mo. Apr. 28, 2020) .................................................... 4

*State of N.C. ex rel. Howes v. W.R. Peele*,
  889 F. Supp. 849 (E.D.N.C. 1995) ............................................................ 5, 6, 7

*Stevens-Bratton v. TruGreen, Inc.*,
  2020 WL 556405 (W.D. Tenn. Feb. 4, 2020) ..................................................... 4

*Strange v. Doe #1*,
  2020 WL 2476545 (W.D. La. May 12, 2020) .................................................... 4

*Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*,
  603 F. Supp. 3d 1334 (S.D. Fla. 2022) ............................................................. 4

*U.S. ex rel. Michaels v. Agape Senior Community, Inc.*,
  848 F.3d 330 (4th Cir. 2017) ........................................................................ 1, 3

*Vincenzo v. AIG Ins. Servs., Inc.*,
  2007 WL 2773834 (N.D.W. Va. Sept. 21, 2007) ............................................... 8

## STATUTES

28 U.S.C. § 1292(b) .............................................................................................. passim

47 U.S.C. § 227(c) ................................................................................................ passim

Telephone Consumer Protection Act ................................................................... passim

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(c)(2) ......................................................................................... 2, 5

I.      INTRODUCTION

In denying Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, and Mougey, P.A. ("Levin Law")'s first Motion to Dismiss, the Court refrained from deciding whether cellular phones are considered residential phones, and, thus, whether Plaintiff could be considered a "residential telephonal subscriber" to whom the Do Not Call ("DNC") provision of the Telephone Consumer Protection Act ("TCPA") applies. Dkt. 33 at 17 ("While this Court has not specifically addressed whether calls to cell phones used for residential purposes are actionable under 47 U.S.C. 227(c)(5) and 47 U.S.C. § 64.1200(c)(2), this Court has never dismissed a complaint on this ground." (Citation omitted)). While allowing Plaintiff's Complaint to proceed, the Court noted that courts are split on whether cellular phones qualify as residential phones under the DNC. *Id.* at 15-17. The Court also observed that the Fourth Circuit has never considered the issue. *Id.*

On July 27, 2023, Plaintiff filed her Amended Complaint. Dkt. 38. Earlier today, Levin Law filed its Motion to Dismiss the Amended Complaint (the "Motion to Dismiss"). While the Motion to Dismiss contains new arguments, it also retains arguments made in its prior Motion to Dismiss. One of those arguments is "that the TPCA applies only to residential telephones and based upon the statutory language, does not extend to cell phones." Dkt. 33 (citing Dkt. 24 at 27). While recognizing that the Court may reconsider its prior position, should the Court deny the Motion to Dismiss, Levin Law respectfully requests that the Court certify this limited issue of first impression, which involves a controlling question of law, for interlocutory appeal.

Under 28 U.S.C. § 1292(b), the Court may certify for interlocutory appeal any Order that (1) involves a controlling question of law as to which there is substantial ground for difference of opinion, and (2) would materially advance the ultimate termination of the litigation. *See U.S. ex*

1

*rel. Michaels v. Agape Senior Community, Inc.*, 848 F.3d 330, 340 (4th Cir. 2017). This Court's Order denying Levin Law's motion to dismiss the amended complaint would readily satisfy these two requirements.

The issue presented for interlocutory appeal would necessarily materially advance the ultimate termination of the litigation, given that if the Fourth Circuit were to rule that cellphone users are not "residential" subscribers, that ruling would necessarily terminate the litigation. *See, e.g.*, *Dyer v. Smith*, 56 F.4th 271, 276 (4th Cir. 2022) (order denying motion to dismiss granted interlocutory appeal); *B.R. v. F.C.S.B.*, 17 F.4th 485, 491 (4th Cir. 2021) (same); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002) (interlocutory appeal taken from denial of motion to dismiss on personal jurisdiction grounds).

Because the question presented for appeal meets the requirements of 28 U.S.C. § 1292(b), if the Court denies the Motion to Dismiss on this issue, the Court should certify its Order for immediate interlocutory appeal and stay this action pending that appeal.

II.     **ARGUMENT**

    A.     **The TCPA's DNC provisions apply only to "residential telephone subscribers."**

To state a claim for violations of the TCPA's DNC provisions, a plaintiff must establish three elements: (1) the initiation of a telephone solicitation (2) to a residential telephone subscriber (3) who has registered her telephone number on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). If wireless telephones do not qualify as "residential telephones," then the TCPA's DNC provisions do not apply to wireless telephones. *See, e.g.*, *Gaker v. Q3M Ins. Sols.*, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) ("[T]he authority rests with Congress to amend the TCPA and bring cell phones within its protections.").

B.      **The Court's Order involves a controlling question of law: whether cell phone users are considered "residential telephone subscribers" under the TCPA.**

A "controlling question" for purposes of 28 U.S.C. § 1292(b) is an issue whose resolution would "substantially shorten the litigation." *Gilmore v. Jones*, 2019 WL 4417490, at *3 (W.D. Va. Sept. 16, 2019) (certifying interlocutory appeal where reversal of district court's ruling denying motion to dismiss on personal jurisdiction grounds would terminate litigation at least as to one party to the litigation). The Fourth Circuit has explained that section 1292(b) is best suited for pure questions of law that can be decided "quickly and cleanly" "without having to delve beyond the surface of the record to determine the facts." *Michaels*, 848 F.3d at 340–41; *see also In re Trump*, 928 F.3d 360, 371 (4th Cir. 2019), *on reh'g en banc*, 958 F.3d 274 (4th Cir. 2020), *cert. granted, judgment vacated sub nom. Trump v. D.C.*, 141 S. Ct. 1262 (2021). The issue here easily satisfies this criteria.

The proposed interlocutory appeal turns on a controlling question of law, namely whether Plaintiff can state a do-not-call claim under the TCPA. Construing the term "residential" under section 227(c) of the TCPA is a narrow and purely legal question which involves no factual issues specific to this case. *See Sijapati v. Boente*, 848 F.3d 210, 214 (4th Cir. 2017) (statutory construction presents questions of law). As this Court acknowledged, this is a legal question on which the Fourth Circuit has yet to opine. *See* Dkt. 33 at 15-16 ("The Fourth Circuit has not addressed whether cell phone owners are considered 'residential telephone subscribers.'") (quoting *Gaker v. Q3M Ins. Sols.*, 2023 WL 2472649, at *2).

Further, a ruling by the Fourth Circuit on whether calls to cell phones are actionable under TCPA section 227(c) could entirely dispose of the present action. *Cf.* Order at 17 (implying that the Court could dismiss Plaintiff's complaint on the grounds that calls to cell phones are not actionable under TCPA § 227(c)). Thus, this requirement of section 1292(b) is met.

3

### C. Substantial grounds for differences of opinion exist as to the controlling question of law.

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *In re Trump*, 928 F.3d at 371. "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling question of law." *Hutchens v. Cap. One Servs.*, 2020 WL 6121950, at *5 (E.D. Va. Oct. 16, 2020) (citations and quotations omitted).

On the purely legal question of whether cellular phone subscribers are considered "residential" subscribers pursuant to the TCPA's DNC provision, district courts within and outside the Fourth Circuit are split. Indeed, this Court's Order expressly notes that "Courts that have addressed this issue are split as to whether the TCPA extends to wireless telephone numbers." Order at 16 (demonstrating the split of authority by citing numerous cases ruling each way on the issue).[1]

---

[1] The Court's Order cites two conflicting lines of cases. Courts holding that the DNC provision does not apply to cell phones include *Gaker*, 2023 WL 2472649; *Johnson v. Palmer Admin. Servs.*, 2022 WL 17546957, at *8 (E.D. Tex. Oct. 20, 2022), *R&R adopted*, 2022 WL 16919786 (E.D. Tex. Nov. 14,2022); *Cunningham v. Creative Edge Mktg.*, 2021 WL 3085415, at *5 (E.D. Tex. June 16, 2021), R&R *adopted*, 2021 WL 3085399 (E.D. Tex Nov. 14, 2022); *Callierv. Greensky, Inc.*, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021); *Strange v. Doe #1*, 2020 WL 2476545, at *3 (W.D. La. May 12, 2020); *Cunningham v. Sunshine Consulting Grp.* 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018), *R&R adopted*, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018); *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 363 n.7 (E.D. Pa. May 8, 2019); *Cunningham v. Spectrum Tax Relief, LLC*, 2017 WL 3222559, at*3 (M.D. Tenn. July 7, 2017); *Cunningham v. Enagic USA Inc.*, 2017 WL 2719992, at *5, 6 (M.D. Tenn. June 23, 2017).

Conversely, courts holding that a cell phone user qualifies as a residential telephone subscriber include *Smith v. Truman Rd. Dev.*, 2020 WL 2044730, at *10 (W.D. Mo. Apr. 28, 2020); *Hodgin v. Parker Waichman LLP*, 2015 WL 13022289, at *3 (W.D. Ky. Sept. 30, 2015); *Stevens-Bratton v. TruGreen, Inc.*, 2020 WL 556405, at *4 (W.D. Tenn. Feb. 4, 2020); *Izor v. Abacus Data Sys.*, 2019 WL 3555110, at *2 (N.D. Cal. Aug. 5, 2019); *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 324 (D. Mass. Jan. 24 2020); *Hand v. Beach Ent. KC*, 456 F. Supp. 3d 1099, 1120 (W.D. Mo. 2020); *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022);

4

There is good reason why some courts ruling on this controlling question have concluded that cell phone users are not "residential telephone subscribers" under section 227(c) of the TCPA.

First, the term "cellular telephone" appears in other provisions of the statute. Thus, under the *expressio unius est exclusio alterius* canon of interpretation, courts must presume that the conspicuous absence of any reference to cellular telephones in section 227(c) evidences Congress' intent to exclude cell phones users from the definition of "residential subscribers." *See, e.g., Gaker*, 2023 WL 2472649, at *3; *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 363 at n.7 (E.D. Pa. 2019), *aff'd*, 805 F.App'x 156 (3d Cir. 2020).

Second, the purpose of section 227(c) is to preserve the heightened privacy interests that people have within their homes. Calls to cell phones do not pose a threat to privacy interests in the home because such devices are mobile and can easily be silenced. *See, e.g., Gaker*, 2023 WL 2472649 at *3; *Shelton*, 378 F. Supp. 3d 356 at n.7.

Although this Court ruled differently, these cases show that reasonable jurists may and do have a different view, such that the Fourth Circuit's immediate guidance is needed. The absence of binding authority underscores the need for immediate Fourth Circuit review. *Cf.* Order at 17 ("[T]his Court has not specifically addressed whether calls to cell phones used for residential purposes are actionable under 47 U.S.C. § 227(c)(5) and 47 [C.F.R.] § 64.1200(c)(2)").

Therefore, this requirement of section 1292(b) is met.

**D.     An immediate interlocutory appeal would materially advance the ultimate termination of this case.**

A question advances the ultimate termination of a case if it is dispositive. Thus, orders denying motions to dismiss are necessarily paragon examples of the sort of order that satisfies this

---

*Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*, 603 F. Supp. 3d 1334, 1342 (S.D. Fla. 2022); *Hunsinger v. Alpha Cash Buyers*, 2022 WL 562761, at *2 (N.D. Tex. Feb. 24, 2022).

element for interlocutory appeal. *See, e.g.*, *Dyer*, 56 F.4th at 276; *FERC v. Powhatan Energy Fund*, 949 F.3d 891, 896 (4th Cir. 2020).

In deciding this issue, courts also consider whether an interlocutory appeal "might save time for the district court and time and expense for the litigants." *State of N.C. ex rel. Howes v. W.R. Peele*, Sr. Tr., 889 F. Supp. 849, 853 (E.D.N.C. 1995); *see In re Va. Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) (interlocutory appeal would advance the ultimate termination of the litigation because the decision would prevent needless waste of "much time, expense and effort"); *see also Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994) (to determine whether certification would materially advance the ultimate termination of the litigation, a district court must examine whether an appeal would eliminate the need for trial, or eliminate issues which would simplify trial or discovery); *Gilmore*, 2019 WL 4417490, at *6.

Here, an immediate appeal of the threshold issue of TCPA liability would expedite the resolution of this case because the issue is dispositive of the entire action. Plaintiff seeks to certify a class based on an alleged phone call to her cellular phone. This litigation will require a massive investment of resources, time, and effort over many years by the parties and the Court. Plaintiff's case rests upon this Court's interpretation of section 227(c), on which a split of authority exists within and beyond the Fourth Circuit. *See* Order at 16-17. If the Fourth Circuit concludes that cellular phone users are not "residential" subscribers, this Court's ruling on this dispositive issue would require a reversal of final judgment, and ultimately nullify years of litigation efforts and related expenditures for the Court and the parties. *Cf. State of N.C.*, 889 F. Supp. at 852 ("At the very least, a question is controlling if its incorrect disposition would require reversal of a final judgment for further proceedings.") (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.

1974)). If the Fourth Circuit were to hold otherwise, the cost and inconvenience of an interlocutory appeal would be minimal and still would provide guidance to the Court and parties.

Further, Plaintiff here regularly initiates TCPA lawsuits in this Court based on similar allegations. Indeed, Plaintiff has filed at least 14 cases in this Court alone in recent years, some of which remain on the Court's docket. *See, e.g.*, *Mey v. Matrix Warranty Sols., Inc.*, No. 5:21-CV-62 (N.D.W. Va. filed Apr. 24, 2021); *Mey v. Castle Law Group, PC et al*, No. 5:2019cv00185 (N.D.W. Va. filed May 29, 2019); *Vance v. DirecTV, LLC*, No. 5:17-CV-179 (N.D.W. Va. filed December 11, 2017). It is reasonable to infer that Plaintiff will continue to file such lawsuits in this and other courts. Therefore, the importance of resolving this legal question about the threshold issue of TCPA liability extends beyond this particular case. *See State of N.C.*, 889 F. Supp. at 853 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir.1990)) (when considering § 1292(b) certification, courts should consider the importance of the legal question to other pending cases).

Thus, this requirement of section 1292(b) is also met.

**E.    This case should be stayed during the pendency of any appellate proceedings.**

As a matter of judicial economy, the Court should stay these proceedings pending the outcome of any appellate proceedings under section 1292(b). "When courts determine the appropriateness of staying proceedings in a given case, three factors must be taken into account: 1) the interest in judicial economy; 2) the hardship to the moving party if the action is not stayed; and 3) the potential damage or prejudice to the non-moving party." *D.C. v. Trump,* 344 F. Supp. 3d 828, 842 (D. Md. 2018), *vacated*, 838 F. App'x 789 (4th Cir. 2021) (citing *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018)).

Here, a ruling by the Fourth Circuit favorable to Levin Law would be dispositive. Therefore, in light of the potentially gargantuan amount of discovery and motion practice to come, a stay would serve the Court's and parties' interests in judicial economy. Conversely, Plaintiff

7

would not suffer any hardship if the Court stayed this case. To the contrary, a favorable decision by the Fourth Circuit would nullify all efforts by Plaintiff related to discovery, motion practice, and class certification.

Accordingly, the Court should exercise its discretion to stay proceedings pending appeal. *E.g., Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 647 (4th Cir. 2020) (stay granted pending interlocutory appeal); *Vincenzo v. AIG Ins. Servs., Inc.*, No. CIV. A. 1:07CV26, 2007 WL 2773834, at *5 (N.D.W. Va. Sept. 21, 2007), aff'd, 288 F. App'x 875 (4th Cir. 2008) (same).

## III. CONCLUSION

As this Court's prior Order makes clear, the elements necessary for an interlocutory appeal are all present in this case. It is an abuse of discretion to deny an interlocutory appeal when the order "squarely meet[s] the criteria for certification under § 1292(b)." *In re Trump*, 958 F.3d 274, 322 (Niemeyer, J., dissenting, joined by JJ. Wilkinson, Agee, Quattlebaum, and Rushing) (4th Cir. 2021) (quoting *In re Trump*, 781 F.App'x 1, 2 (D.C. Cir. 2019)). Thus, should the Court deny Levin Law's Motion to Dismiss, the Court should certify its Order for interlocutory appeal to the Fourth Circuit and stay these proceedings pending resolution of that appeal.

Dated: August 10, 2023          Respectfully submitted,

By: /s/ R. Edison Hill

R. Edison Hill (WVSB 1734)
North Gate Business Park
Charleston, WV 25311
Ph: 800-822-5667
Fax: 304-345-1519
Email: REHill@hpcbd.com

Christine M. Reilly (*admitted pro hac vice*)
Cody A. DeCamp (*admitted pro hac vice*)
**MANATT, PHELPS & PHILLIPS, LLP**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.312.4000
CReilly@manatt.com
CDeCamp@manatt.com

Bezalel A. Stern (*admitted pro hac vice*)
1050 Connecticut Ave. NW, Suite 600
Washington DC 20036
Telephone: 202.585.6500
BStern@manatt.com

*Attorneys for Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.*

9

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

    Ryan M. Donovan (WVSB#1160)
    Andrew C. Robey (WVSB#12806)
    HISSAM FORMAN DONOVAN RITCHIE PLLC
    P.O. Box 3983
    Charleston, WV 25339
    rdonovan@hfdrlaw.com
    arobey@hfdrlaw.com

    *Counsel for Plaintiff*

This the 10th day of August, 2023.

        **HILL PETERSON CARPER BEE & DEITZLER, PLLC**

        BY:    /s/ R. Edison Hill
                  R. Edison Hill (WVSB 1734)
                  North Gate Business Park
                  Charleston, WV 25311
                  Ph: 800-822-5667
                  Fax: 304-345-1519
                  Email: REHill@hpcbd.com

                  *Attorneys for Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brian, Barr & Mougey P.A.*