**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
—WHEELING DIVISION—**

DIANA MEY, individually and on behalf
of a proposed class,

<div style="text-align:center">Plaintiff,</div>

v.

LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY P.A.; PRINCIPAL
LAW GROUP, LLC; MCM SERVICES
GROUP LLC; and JOHN DOE
DEFENDANTS 1-5,

<div style="text-align:center">Defendants.</div>

Civil Action No. 5:23-CV-46

**DEFENDANT LEVIN LAW'S REPLY
IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT .................................................................................................... 1

 A. An Interlocutory Appeal Would Not Be Futile.................................... 1

 B. Whether a Majority of Courts Have Reached a Similar Conclusion on the Issue Offered for Appeal Is Irrelevant to the Requirements of Section 1292(b) ................................................................................................ 3

 C. All the Requirements for an Interlocutory Appeal Are Met, and No Further "Special" or "Exceptional" Circumstances Are Required ................................... 5

III. CONCLUSION ............................................................................................... 5

# TABLE OF CASES

**Page**

*Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*,
  2020 WL 13605310 (E.D. Va. Mar. 13, 2020) ....................................................3, 4

*Benitez v. Charlotte-Mecklenburg Hosp. Auth.*,
  992 F.3d 229 (4th Cir. 2021) ...........................................................................3

*Gaker v. Q3M Ins. Sols.*,
  2023 WL 2472649 (W.D.N.C. Feb. 8, 2023) ...............................................2, 3, 4

*Gorss Motels, Inc. v. Safemark Sys., LP*,
  931 F.3d 1094 (11th Cir. 2019) ......................................................................3

*Hutchens v. Cap. One Servs.*,
  2020 WL 6121950 (E.D. Va. Oct. 16, 2020) ...................................................4

*In re Trump*,
  928 F.3d 360 (4th Cir. 2019) ..........................................................................4

*Perez v. Mortgage Bankers Ass'n*,
  575 U.S. 92 (2015)............................................................................................3

*U.S. ex rel. Michaels v. Agape Senior Community, Inc.*,
  848 F.3d 330 (4th Cir. 2017) ..........................................................................1

## I.      INTRODUCTION

Levin Law's Motion for Interlocutory Appeal set forth the two requirements for an interlocutory appeal under section 1292(b) and showed how they are satisfied. *See* Dkt. 46, 1–2 ("Under 28 U.S.C. § 1292(b), the Court may certify for interlocutory appeal any Order that (1) involves a controlling question of law as to which there is substantial ground for difference of opinion, and (2) would materially advance the ultimate termination of the litigation."). Plaintiff Diana Mey ("Plaintiff")'s opposition does nothing to undermine Levin Law's Motion. Instead, Plaintiff seeks to muddy the waters regarding the governing standards and the issue Levin Law seeks to certify.

Plaintiff argues that the Fourth Circuit lacks jurisdiction, that the motion is an untimely challenge to the validity of a federal regulation, and that Levin Law lacks standing to do so. Next, Plaintiff argues that the requirements of section 1292(b) are not met because a majority of jurisdictions have found that the TCPA provisions at issue apply to cell phones. Finally, Plaintiff argues no "extraordinary circumstances" that would "justify" an interlocutory appeal are present.

As explained herein, Plaintiff's arguments rest on a fundamental misunderstanding of section 1292(b). Levin Law's motion demonstrates that the legal question proposed for interlocutory appeal satisfies all the requirements of section 1292(b). As such, the motion should be granted.

## II.      ARGUMENT

### A.      An Interlocutory Appeal Would Not Be Futile.

The first and most essential requirement of section 1292(b) is that there be a controlling question of law on which there is substantial ground for different opinions. In other words, a split in the law. *See*, *e.g.*, *U.S. ex rel. Michaels v. Agape Senior Community, Inc.,* 848 F.3d 330, 340 (4th Cir. 2017). That requirement is met here because the legal question at issue—namely, whether wireless telephone subscribers qualify as "residential telephone subscribers" subject to the

restrictions of the Do-Not-Call ("DNC") provisions of the Telephone Consumer Protection Act ("TCPA")— has been decided inconsistently by various federal courts and has not yet been decided by the Fourth Circuit.

This Court's Order denying Levin Law's original Motion to Dismiss, Dkt. 33, acknowledged that the question raised for interlocutory is a novel one in this Circuit and one in which other district courts have reasonably disagreed. *See* Dkt. 33, p. 16 ("Courts that have addressed this issue are split as to whether the TCPA extends to wireless telephone numbers."). *See also Gaker v. Q3M Ins. Sols.*, 2023 WL 2472649, at *2 (W.D.N.C. Feb. 8, 2023) ("The Fourth Circuit has not addressed whether cell phone owners are considered residential telephone subscribers. Courts that have addressed the issue are split as to whether the TCPA extends to wireless telephone numbers.").

Because this element is so obviously satisfied, Plaintiff's opposition does not directly challenge it. Instead, Mey argues that any appeal would be "futile" because the Fourth Circuit "lacks jurisdiction" to review this issue. Dkt. 53, pp. 3–5. Plaintiff argues that Levin Law's motion constitutes a "challenge to the validity" of *In re Rules and Regulations Implementing the Telephone Consumer Prot. Act.*, 18 FCC Red. 14014, 14037–38 (F.C.C. 2003) ("FCC Opinion"), and that such challenge must fail because it does not comply with the Administrative Orders Review Act ("the Hobbs Act"). Dkt. 53, p. 3. Based on her mischaracterization of the issue, Plaintiff asserts that the Fourth Circuit lacks jurisdiction to decide an issue this Court had jurisdiction to decide, that any "challenge" is untimely, and that Levin Law lacks standing. None of this makes any sense.

As all the briefing in this case until this opposition has made clear—and as this Court's Order makes clear—the issue before the court is one of *statutory interpretation* of the TCPA, not one of *regulatory invalidation*. This is also made clear by the various cases already cited in the briefing on the motion to dismiss and the citations in this Court's Order, and, indeed, by the Court's Order itself.

Plaintiff's arguments based on the false premise that Levin Law seeks to challenge the validity of an FCC Opinion are completely off-target.

In its Motion, Levin Law seeks clarification from the Fourth Circuit as to the correct statutory interpretation of the term "residential telephone subscriber" in the TCPA's DNC provisions. *C.f. Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, 2020 WL 13605310, at *2 (E.D. Va. Mar. 13, 2020) (stating that the purpose of an interlocutory appeal is to "resolve the split or clarify the law"). The Fourth Circuit has obvious jurisdiction to interpret statutory law such as this provision of the TCPA. *C.f. Benitez v. Charlotte-Mecklenburg Hosp. Auth.*, 992 F.3d 229, 237 (4th Cir.), *cert. denied sub nom. Benitez v. The Charlotte-Mecklenburg Hosp. Auth.*, 142 S. Ct. 634 (2021) ("Our job is to interpret and apply the law"); *Gaker v. Q3M Ins. Sols.,* 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) ("The FCC''s interpretation at issue does not preclude this Court from applying the clear text of the TCPA.") (citing *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92, 119 (2015) and *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1106 (11th Cir. 2019)).

In sum, Levin Law seeks an interlocutory appeal on a controlling question of law on a narrow question of statutory interpretation: whether cell phone users are "residential telephone subscribers" under the DNC provisions of the TCPA. Levin Law does not seek to challenge the validity of an administrative decision. Plaintiff's arguments about the Hobbs Act, court jurisdiction under the Hobbs Act, timing under the Hobbs Act, and standing under the Hobbs Act, are entirely irrelevant.

**B.** **Whether a Majority of Courts Have Reached a Similar Conclusion on the Issue Offered for Appeal Is Irrelevant to the Requirements of Section 1292(b).**

Plaintiff argues that an appeal is inappropriate because a majority of courts have ruled one way. This is another exercise in misdirection that once again fails to address the elements for interlocutory appeal under section 1292(b). Section 1292(b) turns on whether there is a "substantial

ground for difference of opinion," not whether there is already a majority view (or an even split) from existing decisions. Plaintiff's argument that an uneven split in authority renders an issue ineligible for interlocutory appeal is meritless.

Plaintiff argues that a "clear majority of courts" have reached a similar conclusion as this Court. But whether this is true or not is irrelevant to the standard for an interlocutory appeal: i.e., is there a substantial ground for a different opinion on this issue. *C.f. See In re Trump*, 928 F.3d 360, 371 (4th Cir. 2019), *on reh'g en banc*, 958 F.3d 274 (4th Cir. 2020), *cert. granted, judgment vacated sub nom. Trump v. D.C.*, 141 S. Ct. 1262 (2021) ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution."). To meet this standard, Levin Law must only show that other courts have ruled differently on the issue. *Hutchens v. Cap. One Servs.*, 2020 WL 6121950, at *5 (E.D. Va. Oct. 16, 2020) ("An issue presents a substantial ground for difference of opinion if courts … disagree on a controlling question of law.") (citations an quotations omitted). Here, Levin Law's briefing demonstrates the existing split of authority and lack of Fourth Circuit guidance on this issue. *See* Motion at n. 1. This Court's order acknowledges it as well, as do other cases. *See* Order at 15-17 (citing cases that demonstrate a split in authority); *see also Gaker v. Q3M Ins. Sols.,* 2023 WL 2472649, at *2 (W.D.N.C. Feb. 8, 2023) (same).

The fact that Mey can string cite a paragraph of district court cases from around the country ruling in one direction does nothing to undermine the fact that there are numerous cases ruling directly to the contrary. That is precisely why it makes sense to certify an interlocutory appeal and thereby obtain a controlling ruling from the Fourth Circuit.

C. **All the Requirements for an Interlocutory Appeal Are Met, and No Further "Special" or "Exceptional" Circumstances Are Required.**

Plaintiff's final argument similarly fails to address the requirements for interlocutory appeal. Instead, citing nothing, Plaintiff attempts to create a new hurdle. Her attempt has no legitimate basis, and should be rejected.

Plaintiff argues that Levin Law fails to present any "extraordinary" or "special circumstances" to justify an interlocutory appeal. Dkt. 53, p. 6. But such a requirement is not part of the legal test under section 1292(b). Plaintiff cannot defeat Levin Law's motion by making up a new legal requirement.

Levin Law's motion shows that the *actual* requirement—that an interlocutory appeal has the potential to materially advance the termination of the case—is satisfied. Plaintiff argues in response that any time a court denies a motion to dismiss, this element is met. Plaintiff's argument that this procedural posture is not sufficient—because otherwise every denial of a motion to dismiss could be subject to an interlocutory appeal—misses the point.  While certain procedural postures are necessary for interlocutory appeal, procedural standing alone is not sufficient. That is why section 1292(b) has multiple elements, the most important of which is that there be a controlling question of law on which there are divergent opinions. As the briefing makes abundantly clear, Levin Law satisfies each and every requirement for an interlocutory appeal, and Plaintiff has no sound rejoinder to defeat any element.

III.   **CONCLUSION**

This case is perfectly poised for an interlocutory appeal given that there is a controlling legal question on which a split of authority exists and which could terminate the case if decided in Levin Law's favor. The elements being met, this Court should certify the question for appeal and allow the Fourth Circuit the opportunity to provide needed guidance and resolve the split of authority. Further,

Plaintiff does not oppose Levin Law's request for a stay pending an interlocutory appeal. Therefore, the Court should grant the motion to stay as well.

This the 31st day of August 2023,

<div style="margin-left:2em">

**HILL PETERSON CARPER BEE & DEITZLER, PLLC**

BY:    /s/ R. Edison Hill
        R. Edison Hill (WVSB 1734)
        North Gate Business Park
        Charleston, WV 25311
        Ph: 800-822-5667
        Fax: 304-345-1519
        Email: REHill@hpcbd.com

**MANATT, PHELPS & PHILLIPS, LLP**

/s/ Christine M. Reilly
Christine M. Reilly (admitted pro hac vice)
Cody A. DeCamp (admitted pro hac vice)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
CReilly@manatt.com
CDeCamp@manatt.com

Bezalel A. Stern (admitted pro hac vice)
1050 Connecticut Ave. NW, Suite 600
Washington, DC 20036
Telephone: 202.585.6500
BStern@manatt.com

*Attorneys for Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.*

</div>

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Clerk of the Court using the

CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

> Ryan M. Donovan (WVSB#1160)
> Andrew C. Robey (WVSB#12806)
> HISSAM FORMAN DONOVAN RITCHIE PLLC
> P.O. Box 3983
> Charleston, WV 25339
> rdonovan@hfdrlaw.com
> arobey@hfdrlaw.com
>
> *Counsel for Plaintiff*

This the 31st day of August 2023.

> **HILL PETERSON CARPER BEE & DEITZLER, PLLC**
>
> BY:   /s/ R. Edison Hill
> R. Edison Hill (WVSB 1734)
> North Gate Business Park
> Charleston, WV 25311
> Ph: 800-822-5667
> Fax: 304-345-1519
> Email: REHill@hpcbd.com
>
> *Attorneys for Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brian, Barr & Mougey P.A.*