IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, individually and on behalf
of a proposed class,

      Plaintiff,

v.              **Civil Action No. 5:23-CV-46**
                Judge Bailey

**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY P.A.; PRINCIPAL
LAW GROUP, LLC; JOHN DOE DEFENDANTS 1-5;**
and **MCM HUSTLE LLC,**

      Defendants.

### ORDER DENYING DEFENDANT'S MOTION TO CERTIFY ONE DISTINCT ISSUE FOR INTERLOCUTORY APPEAL

Pending before this Court is defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.'s ("Levin Law") Motion to Certify One Distinct Issue for Interlocutory Appeal [Doc. 45] and accompanying Memorandum of Law in Support [Doc. 46]. Plaintiff filed a Response [Doc. 53] on August 24, 2023. Levin Law filed a Reply [Doc. 56] on August 31, 2023.

Levin Law asks this Court to certify the following issue for interlocutory appeal: whether cell phones users are "residential telephone subscribers" under the do-not-call provisions of the Telephone Consumer Protection Act ("TCPA."). *See* [Docs. 45 & 46]. Levin Law contends that this question meets the requirements for interlocutory appeal under 28 U.S.C. § 1292(b). [Doc. 46 at 2–7]. More specifically, Levin Law first argues that

1

the issue of whether cell phone users are considered "residential telephone subscribers" under the TCPA involves a controlling question of law. [Doc. 46 at 3]. Second, Levin Law argues that there are substantial grounds for differences of opinion to exist as to this issue because district courts within and outside the Fourth Circuit are split as to whether cellular phone subscribers are considered "residential subscribers pursuant to the TCPA's do-not-call provision. [Id. at 4–5]. Third, Levin Law contends that an interlocutory appeal would materially advance the ultimate termination of this case because "[i]f the Fourth Circuit concludes that cellular phone users are not 'residential' subscribers," it would "entirely dispose of the present action." [Id. at 3, 6].

In response, plaintiff provides four (4) reasons Levin Law's Motion should be denied. Specifically, plaintiff contends:

(1) an interlocutory appeal would be futile because the Fourth Circuit lacks jurisdiction to entertain Levin Law's challenge to the relevant FCC Order and rule; (2) an interlocutory appeal would be futile because Levin Law lacks standing to mount such a challenge; (3) an interlocutory appeal is inappropriate because this Court's prior decision is consistent with the clear majority of courts having addressed the same issue and there is not "substantial ground for difference of opinion;" and (4) Levin Law fails to identify any special considerations that would support its extraordinary request.

[Doc. 53 at 1–2].

As a general rule, appellate jurisdiction under federal law is limited to review of final judgments. 28 U.S.C. § 1291. The United States Court of Appeals for the Fourth Circuit

has stated that the underlying principle of the final judgment review is that "piecemeal review" of district court orders short of final judgments on the merits should be avoided, because these orders "can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993). Moreover, "as a general rule, appellate courts do not grant interlocutory appeals from a motion to dismiss because it encourages 'piecemeal litigation.'" *In re Blood Reagents Antitrust Litigation*, 756 F.Supp.2d 637, 644 (E.D. Pa. 2010) (citing *Caraballo–Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005)).

This District has stated that "the interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed to provide early review of difficult rulings in hard cases. Rather, an appeal under § 1292(b) is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." *Carman v. Bayer Corp.*, 2009 WL 2413633 at *2 (N.D. W.Va. Aug. 4, 2009) (Stamp, J.) (internal citations omitted).

One of the limited exceptions to the final judgment rule is found in 28 U.S.C. § 1292(b), where a Court, in its sole discretion, may certify an order for interlocutory appeal where such "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. Even with a certified order, appellate jurisdiction is still subject to the appeals court's discretion. *Id.*

Furthermore "the procedural requirements of § 1292(b) are to be strictly construed and applied, and the decision of whether to certify a question for interlocutory appeal is

within the discretion of the court issuing the order." *Carman*, 2009 WL 2413633, at *2 (internal citations omitted). The moving party bears "the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

In this case, this Court finds that the question Levin Law seeks to have certified does not contain substantial grounds for difference of opinion. While courts may be split on the issue of whether a cell phone qualifies as a residential phone under the TCPA and its regulations, this Court notes that the FCC has passed regulations making clear that "wireless telephone numbers" qualify as "residential telephone subscribers." *See* 47 C.F.R. § 64.1200(e). Accordingly, Levin Law's Motion [Doc. 45] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: September 11, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT COURT**