IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, individually and on behalf
of a proposed class,

      Plaintiff,

v.             **Civil Action No. 5:23-CV-46**
               Judge Bailey

**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY P.A.; PRINCIPAL
LAW GROUP, LLC; JOHN DOE DEFENDANTS 1-5;**
and **MCM HUSTLE LLC,**

      Defendants.

**ORDER**

Pending before this Court is Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.'s ("Levin Law") Motion to Dismiss Plaintiff's Amended Complaint [Doc. 43] and accompanying Memorandum of Law in Support [Doc. 44], filed August 10, 2023. Plaintiff filed a Response in Opposition [Doc. 52] on August 24, 2023. Levin Law filed a Reply [Doc. 55] on August 31, 2023. Accordingly, this matter is ripe for adjudication. For reasons contained herein, Levin Law's Motion will be denied.

**BACKGROUND**

This case arises out of the allegation that defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff's wireless telephone number is 304-242-XXXX and is registered on the National Do Not Call ("DNC") Registry. *See* [Doc. 38 at ¶ 17]. Plaintiff alleges that her wireless telephone number is used for

residential purposes. [Id]. Plaintiff alleges that the defendants and/or their agents, and/or other persons or entities acting on defendants' behalf violated the TCPA by contacting her on her wireless telephone. See [id.].

Plaintiff filed a Complaint on February 14, 2023. See [Doc. 1]. On May 25, 2023, Levin Law and Principal Law Group, LLC ("Principal Law") each filed a Motion to Dismiss. See [Docs. 21 & 23]. This Court denied both Motions on July 18, 2023. See [Docs. 32 & 33]. On July 27, 2023, plaintiff filed an Amended Complaint. See [Doc. 38]. Plaintiff amended her complaint to replace defendant MCM Services Group, LLC with MCM Hustle LLC. See [id.]. The substance of plaintiff's Amended Complaint remained the same. See [id.]. Plaintiff asserts a single cause of action under the TCPA alleging that "Defendants and/or their agents, and/or other persons or entities acting on Defendants' behalf made telemarketing calls to Mey's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227 and C.F.R. § 64.1200(c)(2)." [Id. at ¶ 52].

On August 10, 2023, Levin Law filed a Motion to Dismiss Plaintiff's Amended Complaint. See [Doc. 43]. Levin Law asks this Court to dismiss plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). See [Docs. 43 & 44]. More specifically, Levin Law advances seven (7) arguments: (1) that plaintiff consented to the offending calls; (2) that the TCPA's DNC provisions do not extend to cell phones; (3) that plaintiff failed to allege that her number was used for residential purposes; (4) that plaintiff does not allege that she registered her number to the DNC Registry; (5) that this Court lacks personal jurisdiction; (6) that plaintiff lacks Article III standing; and (7) that plaintiff failed to plead vicarious liability. See [Doc. 44 at 11–17].

2

In response, plaintiff argues that she did not consent to receive subsequent phone calls. [Doc. 52 at 4–7]. Plaintiff also argues she did not provide prior express written consent to be contacted and that no prior existing business relationship exists between plaintiff and Levin Law. [Id. at 5–7]. Plaintiff does not address the other arguments advanced by Levin Law as plaintiff contends this Court already considered and rejected those arguments. [Id. at 3, 7].

In its Reply, Levin Law again argues that plaintiff cannot allege a cause of action under the TCPA because she consented to all subsequent calls. [Doc. 55 at 2–8]. Levin Law also argues that plaintiff created an established business relationship on the first call. [Id. at 8–13].

## **LEGAL STANDARD**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); see also ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (applying the ***Twombly*** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v.***

*Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

"Matters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## DISCUSSION

To state a claim under the TCPA do-not call provision, a plaintiff must have "received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of [47 C.F..R. § 64.1200]. *See* 47 U.S.C. § 227(c)(5). A call does not violate the DNC regulations if (1) the call recipient provided prior express written consent, or (2) the caller and the call recipient have an "established business relationship." *See Williams v. Pisa Grp., Inc.*, 2023 WL 2227697, at *1 (E.D. Pa. Feb. 24, 2023). The regulations prohibit contacting a telephone number listed on the DNC Registry without "the subscriber's prior express invitation or permission" and "such permission must be

4

evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii). "[A]n established business relationship is created after an individual makes a purchase, inquiry, or application for products or services and lasts for certain number of months." ***Mey v. Matrix Warranty Solutions, Inc.***, 2023 WL 3695593, at *3 (N.D. W.Va. Mar. 23, 2023) (Bailey, J.) (citing 47 U.S.C. § 227(a)(2), (4); 47 C.F.R. § 64.1200(c)(2), (f)(5).

On January 24, 2023 at 11:24 a.m., plaintiff received a phone call from 304-242-2040. [Doc. 38 at ¶ 19]. During that phone call plaintiff spoke to Jeff Hopkins who represented that he was calling regarding a potential lawsuit concerning poisoned water at Camp Lejeune. [Id.]. Mr. Hopkins and plaintiff engaged in the following exchange:

> Jeff Hopkins: So ma'am, is this the best number to call you back at? (304)-242-[XXXX]?
> 
> Diana Mey: Yes. Is the attorney going to call me back? Is that . . .
> 
> Jeff Hopkins: No, no. Yeah, when they send you some paperwork and all the details, they definitely need your number. That's the reason I asked you.
> 
> Diana Mey: Yes. Okay. All right.

[Doc. 28-2 at 4]. Based on this exchange, Levin Law argues that plaintiff consented to receiving subsequent calls. [Doc. 44 at 5 & Doc. 55 at 1]. As such, Levin Law contends that Mey cannot state a claim under 47 U.S.C. § 227. [Doc. 44 at 5 & Doc. 55 at 1].

Plaintiff argues that she did not consent to receive calls from or on behalf of Levin Law. [Doc. 52 at 4]. More specifically, plaintiff contends that "looking at the broader context of [the phone call between plaintiff and Mr. Hopkins], Mey and Hopkins were

discussing an informational packet that would later be sent to Mey via email" and ". . . Hopkins only requested Mey's number because it was supposedly necessary to complete the onboarding process." [Id. at 4–5]. Plaintiff further argues that at no point during the phone call with Mr. Hopkins did she invite or consent to any subsequent calls. [Id.]. Moreover, plaintiff notes that when she asked if she would received a follow up call, Mr. Hopkins said "No, no." [Id]. Based on this, plaintiff argues that at a minimum, the exchange is ambiguous on the issue of consent and cannot be decided at the pleading stage. [Id.]. Plaintiff also argues that she did not consent to the phone calls because she did not provide prior express written consent and plaintiff did not have a established business relationship with Levin Law. [Id. at 5–7].

Based on the phone call between Mr. Hopkins and plaintiff, it is unclear to this Court whether the plaintiff consented to receiving subsequent phone calls. On the one hand, plaintiff told Mr. Hopkins that (304)-242-XXXX is the best number to reach her at. On the other hand, plaintiff did not expressly consent to subsequent contact. Plaintiff's "Yes. Okay. All right" response was not in response to Mr. Hopkins stating that she would be called again, it was in response to Mr. Hopkins informing plaintiff that they needed her phone number for when they send her the paper work.

At this stage of litigation, in viewing the evidence in the light most favorable to the plaintiff, plaintiff alleges sufficient facts to state a cause of action under the TCPA. Moreover, based on the transcript of the phone call between plaintiff and Mr. Hopkins, the exchange between the two is ambiguous on the issue of consent and cannot be decided at the pleading stage, where the Court must resolve all inferences in favor of the plaintiff.

Accordingly, at this stage of litigation, Levin Law's Motion is denied as it relates to this issue.

Plaintiff also argues that the calls violated the TCPA because she did not provide prior express written consent permitting contact and there is no prior existing business relationship between Levin Law and plaintiff as Levin Law cannot point to any prior purchase or transaction between plaintiff and Levin Law. [Doc. 52 at 5–7]. Moreover, plaintiff argues that she did not inquire or apply for Levin Law's services as Levin Law was the one who contacted her and solicited Mey for its services. [Id]. In its Reply, Levin Law argues that under the circumstances the portion of the regulations requiring prior written consent does not apply because plaintiff provided her consent to be contacted during the first phone call with Mr. Hopkins. [Doc. 55 at 5–6]. Additionally, Levin Law argues that plaintiff created an existing business relationship during the first phone call with Mr. Hopkins when she inquired into defendant's services. [Id. at 10–12]

At this stage of the litigation, in viewing the evidence in the light most favorable to the plaintiff, plaintiff has sufficiently plead a TCPA claim. Accordingly, Levin Law's Motion is denied.

As a final matter, this Court has already considered and rejected Levin Law's arguments that: (1) the TCPA's DNC provisions do not extend to cell phones; (2) that plaintiff failed to allege that her number was used for residential purposes; (3) that plaintiff does not allege that she registered her number to the DNC Registry; (4) that this Court lacks personal jurisdiction; (5) that plaintiff lacks Article III standing; and (6) that plaintiff failed to plead vicarious liability. *See* [Doc. 33]. As such, for the same reasons contained in its July 18, 2023 Order, Levin Law's Motion is denied as it relates to these issues.

## CONCLUSION

For the reasons contained herein, Levin Law's Motion [**Doc. 43**] is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: September 14, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT COURT**