# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**DIANA MEY**, individually and on behalf
of a proposed class,

        Plaintiff,

v.                                         Civil Action No. 5:23-CV-46
                                         Judge Bailey

**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY P.A.; PRINCIPAL
LAW GROUP, LLC; JOHN DOE DEFENDANTS 1-5;**
and **MCM HUSTLE LLC,**

        Defendants.

## ORDER

Pending before this Court is Principal Law Group, LLC's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 47] and an accompanying Memorandum in Support [Doc. 48], filed August 10, 2023. Plaintiff filed a Response in Opposition [Doc. 51] on August 24, 2023. Principal Law Group, LLC ("Principal Law") filed a Reply [Doc. 54] on August 31, 2023. Accordingly, this matter is ripe for adjudication. For reasons contained herein, Principal Law's Motion will be denied.

## BACKGROUND

This case arises out of the allegation that defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff's wireless telephone number is 304-242-XXXX and is registered on the National Do Not Call ("DNC") Registry. *See* [Doc. 38 at ¶ 17]. Plaintiff alleges that her wireless telephone number is used for

1

residential purposes. [Id]. Plaintiff alleges that the defendants and/or their agents, and/or other persons or entities acting on defendants' behalf violated the TCPA by contacting her on her wireless telephone. See [id.].

Plaintiff filed a Complaint on February 14, 2023. See [Doc. 1]. On May 25, 2023, Levin Law and Principal Law Group, LLC ("Principal Law") each filed a Motion to Dismiss. See [Docs. 21 & 23]. This Court denied both Motions on July 18, 2023. See [Docs. 32 & 33]. On July 27, 2023, plaintiff filed an Amended Complaint. See [Doc. 38]. Plaintiff amended her complaint to replace defendant MCM Services Group, LLC with MCM Hustle LLC. See [id.]. The substance of plaintiff's Amended Complaint remained the same. See [id.]. Plaintiff asserts a single cause of action under the TCPA alleging that "Defendants and/or their agents, and/or other persons or entities acting on Defendants' behalf made telemarketing calls to Mey's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227 and C.F.R. § 64.1200(c)(2)." [Id. at ¶ 52].

Principal Law seeks dismissal of plaintiff's Amended complaint on the basis that: (1) plaintiff consented to the offending calls; (2) that the class allegations should be stricken; (3) that this Court lacks personal jurisdiction; and (4) that plaintiff failed to plead vicarious liability. [Doc. 48 at 8–22].

In response, plaintiff argues that she did not consent to receive subsequent phone calls. [Doc. 51 at 5–8]. Plaintiff also argues she did not provide prior express written consent to be contacted and that no prior existing business relationship exists between plaintiff and Levin Law. [Id. at 8–11]. Additionally, plaintiff argues that Principal Law's request to strike the class claims is premature at this stage of litigation. [Id. at 12]. Plaintiff

does not address the other arguments advanced by Principal Law as plaintiff contends this Court already considered and rejected those arguments. [Id. at 5, 12–13].

In its Reply, Principal Law argues that plaintiff's conduct during her initial phone call with Mr. Hopkins created an established business relationship with Principal Law. [Doc. 54 at 2–7]. Principal Law again argues that this Court should strike plaintiff's class allegations. [Id. at 7–11]. Principal Law contends that the transcript of plaintiff's phone calls is dispositive of her claim and plaintiff did not provide "any additional need for discovery to address her atypicality and inadequacy to represent the purported class." [Id. at 10].

## **LEGAL STANDARD**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); *see also* ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (applying the ***Twombly*** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In ***Twombly***, the Supreme Court, noting

that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

"Matters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## **DISCUSSION**

To state a claim under the TCPA do-not call provision, a plaintiff must have "received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of [47 C.F..R. § 64.1200]." *See* 47 U.S.C. § 227(c)(5). A call does not violate the DNC regulations if (1) the call recipient provided prior express written consent, or (2) the caller and the call recipient have an "established business relationship." *See* ***Williams v. Pisa Grp., Inc.***, 2023 WL 2227697, at *1 (E.D. Pa. Feb. 24, 2023). The regulations prohibit contacting a telephone number listed on the DNC Registry without "the subscriber's prior express invitation or permission" and "such permission must be evidenced by a signed, written agreement between the consumer and seller which states

4

that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii). "[A]n established business relationship is created after an individual makes a purchase, inquiry, or application for products or services and lasts for certain number of months." ***Mey v. Matrix Warranty Solutions, Inc.***, 2023 WL 3695593, at *3 (N.D. W.Va. Mar. 23, 2023) (Bailey, J.) (citing 47 U.S.C. § 227(a)(2), (4); 47 C.F.R. § 64.1200(c)(2), (f)(5)).

On January 24, 2023 at 11:24 a.m., plaintiff received a phone call from 304-242-2040. [Doc. 38 at ¶ 19]. During that phone call plaintiff spoke to Jeff Hopkins who represented that he was calling regarding a potential lawsuit concerning poisoned water at Camp Lejeune. [Id.]. Mr. Hopkins and plaintiff engaged in the following exchange:

> Jeff Hopkins: So ma'am, is this the best number to call you back at? (304)-242-[XXXX]?
> Diana Mey: Yes. Is the attorney going to call me back? Is that . . .
> Jeff Hopkins: No, no. Yeah, when they send you some paperwork and all the details, they definitely need your number. That's the reason I asked you.
> Diana Mey: Yes. Okay. All right.
> Jeff Hopkins: So by any chance, ma'am do you use any kind of emails like Yahoo, Gmail? We can also send you in an email as well information.

[Doc. 29-2 at 4].

Based on this exchange, Principal Law argues that plaintiff consented to receive subsquent phone calls. [Doc. 48 at 11, 14–15]. Principal Law also argues that plaintiff's statements with Mr. Hopkins created an existing business relationship which excuses

5

Principal Law from any liability that might have arisen from future phone calls. [Id. at 11, 15].

Defendant Levin Law also sought dismissal of plaintiff's Amended Complaint on the basis that plaintiff consented to receiving subsequent phone calls. See [Docs. 43 & 44]. This Court denied Levin Law's Motion to Dismiss on September 14, 2023. See [Doc. 58]. In this Court's September 14, 2023 Order, this Court stated:

> Based on the phone call between Mr. Hopkins and plaintiff, it is unclear to this Court whether the plaintiff consented to receiving subsequent phone calls. On the one hand, plaintiff told Mr. Hopkins that (304)-242-XXXX is the best number to reach her at. On the other hand, plaintiff did not expressly consent to subsequent contact. Plaintiff's "Yes. Okay. All right" response was not in response to Mr. Hopkins stating that she would be called again, it was in response to Mr. Hopkins informing plaintiff that they needed her phone number for when they send her the paper work.
>
> At this stage of litigation, in viewing the evidence in the light most favorable to the plaintiff, plaintiff alleges sufficient facts to state a cause of action under the TCPA. Moreover, based on the transcript of the phone call between plaintiff and Mr. Hopkins, the exchange between the two is ambiguous on the issue of consent and cannot be decided at the pleading stage, where the Court must resolve all inferences in favor of the plaintiff.

[Id. at 6].

This Court finds no reason to deviate from its September 14, 2023 ruling. Accordingly, for the same reasons contained in its September 14, 2023 Order, Principal

Law's Motion is denied as it relates to this issue.

Principal Law also argues that this Court should strike the class claims from plaintiff's Amended Complaint on the basis that plaintiff's claims are not typical of the purported class and plaintiff is an inadequate class representative. [Doc. 48 at 18–22]. In response, plaintiff argues that the motion to strike is premature at the pleading stage. [Doc. 51 at 12].

Generally, class allegations should not be addressed at the pleading stage. This Court has recognized that pre-discovery motions to strike class claims are consistently denied. **Alig v. Quicken Loans, Inc.**, 2015 WL 13636655, at *3 (N.D. W.Va. Oct. 15, 2015) (Bailey, J.). In **Alig**, this Court stated:

> Courts consistently deny [pre-discovery motions to strike class claims] because class allegations should not be addressed at the pleading stage, before plaintiff has had full opportunity to discovery and to revise the class definition as necessary. See **Manning v. Boston Med. Ctr. Corp.**, 725 F.3d 34, 59–60 (1st Cir. 2013) (vacating district court order striking class and collective allegations from complaint, explaining that "striking a pleading is a drastic remedy and . . . it is often sought by the movant simply as a dilatory or harassing tactic"); **Damasco v. Clearwire Corp.**, 662 F.3d 891, 897 (7th Cir. 2011) ("a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class"); **Graves v. Southwestern & Pacific Speciality Fin., Inc.**, 2013 WL 5945851, at *2 (N.D. Cal. Nov. 4, 2013) ("motions to strike class allegations are disfavored

because a motion for class certification is a more appropriate vehicle for arguments pertaining to the class allegations"); ***Smith v. Wash. Post. Co.***, 962 F.Supp.2d 79, 89–90 (D.D.C. 2013) ("[A] motion to strike is a disfavored, drastic remedy[.] Courts rarely grant motions to dismiss or strike class allegations before there is a chance for discovery."); ***Calibuso v. Bank of Am. Corp.***, 893 F.Supp.2d 374, 383 (E.D. N.Y. 2012) (same); ***Chaney v. Crystal Beach Capital, LLC***, 2011 WL 17639, at *2 (M.D. Fla. Jan. 4, 2011) (denying [a] portion of [a] motion to dismiss seeking to strike class allegations, noting "'the shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form'") (quoting ***Motisola Malikha Abdallah v. Coca-Cola Co.***, 1999 WL 527835 (N.D. Ga. July 16, 1999) (*in turn citing* ***Jones v. Diamond***, 519 F.2d 1090, 1098 (5th Cir. 1975)); ***Ironforge.com v. Paychex, Inc.***, 747 F.Supp.2d 384, 404 (W.D. N.Y. 2010) (Motions to strike class allegations are "disfavored" by courts because they "requir[e] a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification"); ***Ehrhart v. Synthese (USA)***, 2007 WL 4591276, at *5 (D.N.J. Dec. 28, 2007) ("Decisions from our sister courts (and courts in a number of other jurisdictions) have made clear that dismissal of class allegations at [the

motion to dismiss] stage should be done rarely and that the better course is to deny such a motion because the 'shape and form of a class action evolves only through the process of discovery'").

*Id.* at *3.

At this stage of litigation, Principal Law's Motion as it relates to its request to strike the class allegations is premature. Principal Law is free to raise these arguments at the motion for class certification stage.

As a final matter, Principal Law argues that this Court lacks personal jurisdiction over it and that plaintiff failed to plead vicarious liability. [Doc. 48 at 8–9 & 15–17]. This Court considered and rejected these arguments in its July 18, 2023 Order. *See* [Doc. 32]. For the same reasons contained in this Court's July 18, 2023 Order, Principal Law's Order is denied.

## CONCLUSION

For the reasons contained herein, Principal Law's Motion [**Doc. 47**] is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

DATED: September 15, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT COURT**