## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## —WHEELING DIVISION—

| | |
|---|---|
| DIANA MEY, individually and on behalf of a proposed class,<br>      Plaintiff,<br> v.<br>LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY P.A.; PRINCIPAL LAW GROUP, LLC; MCM SERVICES GROUP LLC; and JOHN DOE DEFENDANTS 1-5,<br>      Defendants. | Civil Action No. 5:23-CV-46 |

### DEFENDANT LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR, & MOUGEY P.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey P.A. ("Levin Law") hereby submits its Answer and Affirmative Defenses to Plaintiff Diana Mey ("Plaintiff")'s Amended Complaint, and responds as follows:

Levin Law denies any and all allegations directed at Levin Law in the unnumbered preamble paragraph to the Amended Complaint, and expressly denies that Levin Law violated any provision of the Telephone Consumer Protection Act ("TCPA") or any other law or regulation, or that Plaintiff or any putative class member is entitled to any relief from Levin Law, or that this Action is appropriate for class treatment. Any remaining allegations in the preamble are denied.

### Preliminary Statement

1. Levin Law admits only that Plaintiff purports to seek relief under the TCPA against Levin Law, but denies that Plaintiff is entitled to such relief or that Levin Law violated any other laws. All remaining allegations in Paragraph 1 of the Amended Complaint are denied.

2. Levin Law denies the allegations in Paragraph 2 of the Amended Complaint.

3. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint, and on this basis denies them. To the extent a response is required, Levin Law admits only that Plaintiff purports to seek relief under the TCPA and to certify a class, but denies that Plaintiff is entitled to any relief or that the case is suitable or appropriate for class treatment. All other remaining allegations in Paragraph 3 of the Amended Complaint are denied.

4. The allegations in Paragraph 4 of the Amended Complaint reflect legal conclusions to which no response is required. To the extent a response is deemed required, Levin Law admits only that Plaintiff seeks class treatment of her claims, but denies that the case is suitable or appropriate for class treatment. All remaining allegations in Paragraph 4 of the Amended Complaint are denied.

<strong>Parties and Jurisdiction</strong>

5. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint and on this basis denies them.

6. Admit.

7. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and on this basis denies them.

8. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and on this basis denies them.

9. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint and on this basis denies them.

10. The allegations in Paragraph 10 of the Amended Complaint reflect legal conclusions to which no response is required. To the extent a response is deemed required, Levin Law denies the allegations in Paragraph 10 of the Amended Complaint.

11. The allegations in Paragraph 11 of the Amended Complaint reflect citations to and recitations of legal authority and legal conclusions to which no response is required. To the extent a response is required, Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint and on this basis denies them.

12. The allegations in Paragraph 12 of the Amended Complaint, in whole or in part, reflect citations to and recitations of legal authority and legal conclusions to which no response is required. To the extent a response is required, Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint and on this basis denies them.

**Defendants' Illegal Conduct**

13. Admit.

14. Admit.

15. Denied.

16. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint as to the other Defendants and on this basis denies them. The allegations in Paragraph 16 of the Amended Complaint are denied as to Levin Law.

17. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint and on this basis denies them.

18. Denied.

19. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint and on this basis denies them.

20. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint and on this basis denies them.

21. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and on this basis denies them.

22. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and on this basis denies them.

23. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and on this basis denies them.

24. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and on this basis denies them.

25. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and on this basis denies them.

26. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and on this basis denies them.

27. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and on this basis denies them.

28. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and on this basis denies them.

29. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint and on this basis denies them.

30. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint and on this basis denies them.

31. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint and on this basis denies them.

32. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint and on this basis denies them.

33. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint and on this basis denies them.

34. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint and on this basis denies them.

35. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint and on this basis denies them.

36. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint and on this basis denies them.

37. Denied.

**Class Allegations**

38. The allegations in Paragraph 38 of the Complaint reflect legal conclusions to which no response is required. To the extent a response is deemed required, Levin Law denies the allegations in Paragraph 38 of the Amended Complaint.

39. As to Paragraph 39 of the Amended Complaint, Levin Law admits only that Plaintiff purports to seek class treatment under Fed. R. Civ. P. 23, but denies that this case is capable of or appropriate for class treatment. Levin Law also denies that any of the putative class definitions are adequate, ascertainable, or certifiable, or that any nationwide class or classes

is/are certifiable. Any remaining allegations in Paragraph 39 of the Amended Complaint are denied.

40. Levin Law admits only that Plaintiff purports to seek class treatment, but denies that the case is appropriate for class treatment, or that Plaintiff's proposed class definitions in this Paragraph are certifiable, or any implication of liability in this Action that may be imputed on Levin Law based on said allegations. Levin Law denies any remaining allegations of Paragraph 40 of the Amended Complaint.

41. Levin Law admits only that Plaintiff purports to seek class treatment, but denies that the case is appropriate for class treatment, or that Plaintiff's proposed class definitions in this Paragraph are certifiable, or any implication of liability in this Action that may be imputed on Levin Law based on said allegations. Levin Law denies any remaining allegations of Paragraph 41 of the Amended Complaint.

42. Levin Law admits only that Plaintiff purports to seek class treatment, but denies that the case is appropriate for class treatment, or that Plaintiff's proposed class definitions in this Paragraph are certifiable, or any implication of liability in this Action that may be imputed on Levin Law based on said allegations. Levin Law denies any remaining allegations of Paragraph 42 of the Amended Complaint.

43. Levin Law admits only that Plaintiff purports to seek class treatment, but denies that the case is appropriate for class treatment, or that Plaintiff's proposed class definitions in this Paragraph are certifiable, or any implication of liability in this Action that may be imputed on Levin Law based on said allegations. Levin Law denies any remaining allegations of Paragraph 43 of the Amended Complaint.

44. Denied, including all subparts.

45. Denied.

46. Denied.

47. Denied

48. Denied.

49. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint and on this basis denies them.

50. Levin Law lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint and on this basis denies them.

## COUNT I

## Violations of the TCPA, 47 U.S.C. § 227(c)

51. Levin Law repeats and realleges its answers, denials, and averments to the Paragraphs of the Amended Complaint stated above as if fully stated herein.

52. Denied

53. Denied.

54. Denied.

## Responses to Prayers for Relief

Levin Law denies that Plaintiff is entitled to any of the damages or other relief requested in the Amended Complaint, including but not limited to the relief requested on page 12 of the Amended Complaint. Levin Law further denies that it violated the TCPA or any other law in relation to this Action (including any legal authority cited, summarized, or referred to in the Amended Complaint) and denies that Plaintiff or any putative class member is entitled to relief under such laws. Levin Law further denies that Plaintiff is entitled to treble damages or the

injunctive relief requested in the Amended Complaint.  Levin Law further denies that this case is capable or worthy of class treatment.

## General Denials

All allegations in the Amended Complaint, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Levin Law denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the Amended Complaint or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the answers above, Levin Law denies any and all liability as to having violated the TCPA or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the Amended Complaint or others, or that this case is capable and worthy of class treatment.  Levin Law expressly reserves the right to amend its answers above and its affirmative defenses below for any reason as permitted by applicable rules, orders, and law.

## Affirmative Defenses

By alleging the affirmative and other defenses herein and below, Levin Law intends no alteration of any burden of proof that otherwise exists with regard to the claims in the Amended Complaint. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. Levin Law reserves the right to bring affirmative claims against Plaintiff as permitted by applicable rules, orders, and law. Levin Law reserves the right to amend answers and averments above or to amend its affirmative defenses below for any reason as permitted by applicable rules, orders, and law. All defenses below should be understood as applying to Plaintiff or any putative class member.

### First Affirmative Defense

### (Plaintiff's Acquiescence, Consent, Ratification, and Solicitation of At-Issue Calls)

Plaintiff's claims are barred because, to the extent she received any calls made by third parties on Levin Law's behalf in this Action, if any, she consented to receiving said calls and/or her consent was not required, and/or the calls were not advertising, marketing, or solicitations nor unwanted and were solicited by Plaintiff for the purpose of bring this suit, and/or Plaintiff had an existing business relationship with Levin Law.  As such, all the causes of action in the Amended Complaint are barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent.

### Second Affirmative Defense

### (Lack of Jurisdiction)

Plaintiff has failed to carry her burden of establishing that Levin Law is subject to specific jurisdiction in West Virginia. Additionally, the Court lacks personal jurisdiction over the claims of any putative class members who do not reside in or have any connection to the forum state in this case, and therefore a nationwide class or classes cannot be certified as a matter of law, pursuant to *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). *See*, *e.g., Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1034-37 (S.D. Cal. 2020); *Gaston v. LexisNexis Risk Solutions, Inc.*, 483 F. Supp. 3d 318, 338 n.13 (W.D.N.C. 2020).

### Third Affirmative Defense

### (Failure to State a Claim or Plead Adequate Facts or Class Allegations)

Plaintiff's Amended Complaint fails to, among other things, (1) set forth facts sufficient under federal pleadings standards to state or constitute a claim against Levin Law, or (2) state facts sufficient to entitle Plaintiff to the relief sought, or any relief whatsoever, from Levin Law.

## Fourth Affirmative Defense

### (Plaintiff is Not Entitled to Treble Damages)

Plaintiff has not carried and cannot carry her burden of showing that any action or omission by Levin Law in this Action was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages. Therefore, such recovery should be disallowed.

## Fifth Affirmative Defense

### (No Agency)

The Amended Complaint fails to set forth facts from which it can be inferred that Levin Law maintained an agency relationship with any of the other Defendants named in this action.

## Sixth Affirmative Defense

### (No Vicarious Liability)

The Amended Complaint fails to set forth facts from which it can be inferred that Levin Law is vicariously liable for any action of any of the other Defendants named in this action.

## Seventh Affirmative Defense

### (Causation; Proximate Cause; Intervening/Superseding Causes)

Plaintiff's claims are barred to the extent the alleged unlawful conduct was not caused by Levin Law, or was caused or contributed to by the acts of Plaintiff or third parties other than Levin Law. More specifically, the claims in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Levin Law had no control, including but not limited to any third parties who did not have Levin Law's consent to call Plaintiff on their behalf in the manner described in the Amended Complaint. The

acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm. Further, if Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Levin Law, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff or third parties, which bars or reduces Plaintiff's right to recover any such damages against Levin Law.

## Eighth Affirmative Defense

### (Violation of Fifth Amendment)

To the extent the TCPA is applied against Levin Law to impose upon Levin Law liability in circumstances that Levin Law could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. To the extent Plaintiff seeks exemplary or punitive damages, such also violates Levin Law's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

## Ninth Affirmative Defense

### (Violation of Eighth Amendment)

To the extent the TCPA is applied against Levin Law to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines.

## Tenth Affirmative Defense

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or any other doctrines or theories of equity, including but not

limited to assumption of risk, particularly (but not limited) to the extent that, upon information and belief, Plaintiff consented to receiving the at issue calls but did not take efforts to stop them, Plaintiff's alleged claims in this case lack any basis in law or fact and/or do not exist, and/or Plaintiff requested, sought out, consented to, induced or otherwise encouraged phone calls for the sole or intended purpose of bringing TCPA claims or without having suffered any injury.

### Eleventh Affirmative Defense

### (Failure to Mitigate)

Plaintiff is not entitled to relief because, if Plaintiff has been damaged, Plaintiff has failed to mitigate her damages and therefore any recovery against Levin Law is barred or should be reduced accordingly.

### Twelfth Affirmative Defense

### (Injunctive Relief)

Plaintiff has failed to state facts that would entitle her to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law.

### Thirteenth Affirmative Defense

### (Lack of Standing)

Plaintiff lacks standing to bring her claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff consented to receiving the calls at issue in this Action, requested to be called, induced the calls, did not suffer any injury-in-fact, and/or is not within the "zone of interests" that the TCPA and other laws invoked were designed to protect, and/or is not a "residential telephone subscriber" under the TCPA, or did not receive the calls at issue, or the at-issue calls

did not involve an artificial or prerecorded voice, or the equipment used to make the at-issue calls is not covered by or subject to the TCPA, among other reasons.

## Fourteenth Affirmative Defense

### (Conformance with Applicable Law and Industry Standards)

All conduct and activities of Levin Law, including any purported agents, alleged in the Amended Complaint conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the Amended Complaint. As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Levin Law's good faith belief that it had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

## Fifteenth Affirmative Defense

### (Plaintiff Cannot Meet the Requirements for Class Treatment)

Plaintiff does not meet and cannot meet the class certification requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality, and/or adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries. Plaintiff also cannot meet the requirements for class certification because she is not a member of the classes she seeks to represent to the extent that there has been TCPA violation and she consented to be called.

## Sixteenth Affirmative Defense

### (Due Process)

To the extent that the Amended Complaint seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United

States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See*, *e.g.*, *TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996).

**Seventeenth Affirmative Defense**

**(Available Defenses Under the TCPA)**

Levin Law hereby asserts all affirmative defenses available to it provided for the TCPA and its related implementing regulations, including but not limited to that Levin Law has established and implemented, with due care, reasonable practices and procedures to effectively prevent "telephone solicitations" in violation of the TCPA's regulations, and such practices and procedures were in place and followed at all relevant times.  Plaintiff's claims are also barred to the extent she did not receive a "telephone solicitation" and/or is not a "residential telephone subscriber" within the meaning of the TCPA.

**Reservation of Rights as to Additional Defenses**

Certain additional affirmative and other defenses to the Amended Complaint and to the purported claims for relief stated therein may be available to Levin Law. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Levin Law reserves the right to assert other separate and additional defenses, if and when they become appropriate in this Action and to the extent allowed.

**Jury Trial Demand**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Levin Law demands a trial by jury of all issues triable of right by jury.

**Levin Law's Prayers for Relief**

WHEREFORE, Levin Law respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Amended Complaint with prejudice, award Levin Law all of its costs and attorneys' fees incurred in defending this Action to the extent available under applicable law, and grant Levin Law all other relief as the Court deems just and appropriate.

Dated: September 28, 2023

Respectfully submitted,

By: */s/ R. Edison Hill*

R. Edison Hill (WVSB 1734)
North Gate Business Park
Charleston, WV 25311
Ph: 800-822-5667
Fax: 304-345-1519
Email: REHill@hpcbd.com

Christine M. Reilly (*admitted pro hac vice*)
Cody A. DeCamp (*admitted pro hac vice*)
**MANATT, PHELPS & PHILLIPS, LLP**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.312.4000
CReilly@manatt.com
CdeCamp@manatt.com

Bezalel A. Stern (*admitted pro hac vice*)
1050 Connecticut Ave. NW, Suite 600
Washington DC 20036
Telephone: 202.585.6500
Bstern@manatt.com

*Attorneys for Levin Law Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

>Ryan M. Donovan (WVSB#1160)
>Andrew C. Robey (WVSB#12806)
>HISSAM FORMAN DONOVAN RITCHIE PLLC
>P.O. Box 3983
>Charleston, WV 25339
>rdonovan@hfdrlaw.com
>arobey@hfdrlaw.com
>
>*Counsel for Plaintiff*

This the 28th day of September, 2023.

>**HILL PETERSON CARPER BEE & DEITZLER, PLLC**
>
>BY:   /s/ R. Edison Hill
>         R. Edison Hill (WVSB 1734)
>         North Gate Business Park
>         Charleston, WV 25311
>         Ph: 800-822-5667
>         Fax: 304-345-1519
>         Email: REHill@hpcbd.com
>
>*Attorneys for Defendant Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brian, Barr & Mougey P.A.*