IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, individually and on behalf
of a proposed class,

                Plaintiff,

v.                                                                      Civil Action No. 5:23-CV-46
                                                                      Judge Bailey

**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY P.A.; PRINCIPAL
LAW GROUP, LLC; JOHN DOE DEFENDANTS 1-5;**
and **MCM HUSTLE LLC,**

                Defendants.

## SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure ("FED. R. CIV. P.") 16(b) & 26(f), and the Local Rules of Civil Procedure ("LR CIV P"), it is hereby **ORDERED** that the below listed dates be adopted subject to the definitions following hereinafter:

1. <u>Intermediate Pretrial Conference</u>:
   **At Parties' Request**

2. <u>Mediation on or Before</u>:
   **June 7, 2024**

3. <u>Joinder & Amendments</u>:
   **April 1, 2024**

4. <u>Expert Disclosures</u>:
   a. With Burden: **March 1, 2024**
   b. Without Burden: **April 1, 2024**

6. <u>Discovery Completion</u>:
   **May 30, 2024**

7. <u>Class Certification Motions</u>:
   **June 15, 2024**
   a. Responses: **July 5, 2024**
   b. Replies: **July 15, 2024**

8. <u>Motion Practice/Dispositive Motions</u>:
   **June 15, 2024**
   a. Responses: **July 5, 2024**
   b. Replies: **July 15, 2024**

9. <u>FED.R. 26(a)(3) Disclosures</u>:
   **November 1, 2024**
   a. Objections: **November 15, 2024**

1

10. <u>Voir Dire, Jury Instructions, and Verdict Form</u>: **November 1, 2024**
    a. Objections: **November 15, 2024**

11. <u>Motions in Limine</u>: **November 1, 2024**
    a. Objections: **November 15, 2024**

12. <u>Biographical Sketches</u>: **November 1, 2024**

13. <u>Joint Pretrial Order</u>: **November 22, 2024**

14. <u>Final Pretrial Conference</u>: **December 2, 2024, at 2:00 p.m., in Wheeling, WV**

15. <u>Jury Trial</u>: **December 9, 2024, at 9:00 a.m., in Wheeling, WV**

1. **<u>Intermediate Pretrial Conference</u>: At parties' request**.

2. **<u>Mediation</u>:** The parties shall have mediated this matter in good faith on or before **June 7, 2024**. If the parties employ a private mediator, lead counsel for the plaintiff (or an attorney representing a defendant if the plaintiff is appearing *pro se*) shall instruct the private mediator to complete the mediation report form (which is available at this Court's website at www.wvnd.uscourts.gov/documents/forms) and submit the completed mediation report form to the appropriate clerk's office within **ten** (10) days following the mediation.

3. **<u>Joinder and Amendments</u>:** Motions to join additional parties, motions to amend pleadings, and any crossclaim or counterclaim and the reply thereto, as well as any similar motions, shall be fully effected by **April 1, 2024**.

4. **<u>Expert Disclosures</u>:** The party bearing the burden of proof on an issue (normally the plaintiff) shall make the disclosures required by FED. R. CIV. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **March 1, 2024**.

The party not bearing the burden of proof on an issue (normally the defendant) shall make the disclosures required by FED. R. CIV. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **April 1, 2024**.

The disclosures described in FED. R. CIV. P. 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case. However, their testimony shall be limited to the medical records unless designated as expert witness for the purpose of giving opinion testimony (i.e. permanent disability, future medical treatment, etc.).

Upon by leave of this Court may parties provide disclosures or any evidence that is intended solely to contradict or rebut evidence on the same issue identified by another party under FED. R. CIV. P. 26(a)(2)(B).

**6. Discovery Completion:** All discovery shall be fully served and completed by **May 30, 2024**. "Completed discovery" as used in FED. R. CIV. P. 16(b) means that all discovery requests are to be filed far enough in advance to be completed as required by the rules before the discovery deadline. Objections, motions to compel and all other motions relating to discovery in this civil action should be filed as soon as the problem arises, but are to be filed no later than one week after the discovery completion date. The Court will not consider any untimely filed discovery related motions.

The term "all discovery" in the preceding definition of "completed discovery" includes the disclosures required by FED. R. CIV. P. 26(a)(1), (2), and (b)(5), but does not include the disclosures required by FED. R. CIV. P. 26(a)(3).

Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date as provided in FED. R. CIV. P. 26(e). The parties should refer to LR Civ P 5.01, LR Civ P 26.01-26.04, LR Civ P 33.01, LR Civ P 34.01, LR Civ P 36.01, LR Civ

P 37.02 for further instructions on discovery practice.

Motions to compel are generally referred to the Magistrate Judge. However, the Court, if available, is open to conducting telephone hearings if serious disagreements threaten to terminate the conduct of depositions or examinations. If a motion to compel is pending for a decision more than thirty (30) days after filing, the burden is upon the moving party to inform the Court as to whether this status will interfere with other deadlines contained in this Scheduling Order.

The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby.[1] The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery dispute and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance.

7. **Class Certification Motions:**

a. Class Certification Motions are due on or before **June 15, 2024**. Responses are due on or before **July 5, 2024**. Replies are due on or before **July 15, 2024**.

8. **Motion Practice / Dispositive Motions:**

a. **Motion Practice** before the Court is controlled by LR Civ P 7.02. Review this rule for more specific detail of the Northern District's motion practice. Motions shall be concise and no longer than five (5) pages. Supporting memoranda of law shall be no

---

[1] Extension of the discovery deadline does not change the other deadlines set forth herein nor shall it be a basis for seeking extension of those deadlines. In particular, the deadline for dispositive motions generally cannot be changed without affecting the trial date. In considering to extend discovery, the parties should give thought as to any possible impact on contemplated dispositive motions.

longer than twenty-five (25) pages. As this Court intends to review all cases cited, counsel must ensure that the cases relied upon stand for the proposition, legal or factual, for which they are cited. The Court takes this requirement very seriously and will impose sanctions for willful violations.

  **b.** **All Dispositive Motions**, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed no later than **June 15, 2024.**

  Dispositive motions that are mature for decision may be made at any earlier time. Any such motion must be supported by a memorandum at the time the motion is filed with the Clerk. All Counsel are instructed that dispositive motions should be filed as soon as the matter is mature. The above date is a "no-later-than" date.

  Memoranda in opposition to such motions filed on the deadline date shall be delivered to the Clerk with copies served upon opposing counsel on or before **July 5, 2024**. Supporting memoranda of law shall be no longer than twenty-five (25) pages.

  Any reply memoranda shall be delivered to the Clerk with copies served upon opposing counsel on or before **July 15, 2024.** All dispositive motions unsupported by memoranda will be denied without prejudice. LR Civ P 7.02. Supporting memoranda of law shall be no longer than fifteen (15) pages.

  Factual assertions made in memoranda should be supported by specific references to affidavits, depositions or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda. The parties may refer to LR Civ P 7.02 for details on motion practice

before this Court.

9. **Pretrial Disclosures FED. R. CIV. P. 26(a)(3):** Final pretrial disclosures, to include trial witness list, depositions and interrogatories for use at trial, and trial exhibit lists as further defined by FED. R. CIV. P. 26(a)(3) shall be filed and exchanged on or before **November 1, 2024.** A trial exhibit binder from each party will be exchanged and sent to the Judge's law clerk on the same date, with exhibits marked and tabbed in numerical sequence. Original exhibits shall be submitted to the Clerk at trial and should not be tendered to the Clerk prior to trial.

a. **Objections:** Objections to the above must be filed in writing and submitted by **November 15, 2024**, for consideration at the Final Pretrial Conference.

10. **Jury Instructions, Voir Dire, and Verdict Form:** Proposed jury instructions of law are to be provided on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, together with citation to pertinent statutory and/or case authority (and along with a copy of the specific page reference attached thereto). The instructions are to be numbered consecutively to identify the party submitting them, to have a title setting forth the subject matter of the instruction and to be set forth on separate pages. No more than twenty (20) instructions are to be submitted unless leave is granted by the Court. Special interrogatories and verdict forms, if any are appropriate to the case, will also be provided as well as all proposed voir dire questions requested by counsel for submission to the jury by the Court and shall be exchanged by counsel and delivered to the Clerk no later than **November 1, 2024.** These three items should not be filed in a combined document but should be filed individually with specific document titles

and a case style.

    a. **Objections**: Objections to all of the above must be filed separately in writing with a specific document title and case style no later than **November 15, 2024**. In addition, the Court will not accept instructions after the Final Pretrial Conference unless such instructions result from amending those previously submitted.

    **(If the instructions and voir dire in this case are typed on a computer, counsel are requested to provide to the court a disk labeled with the case name and the party proposing the instructions in a format compatible with WordPerfect 12. The envelope containing the disk should be marked "Contains Disk -- Do Not X-Ray -- May Be Opened for Inspection." The disk will be returned to counsel if requested.)**

    11. **Motions in Limine**: All motions in limine must be accompanied by short statements (generally not more than a paragraph) of applicable memoranda of law and filed with the Clerk not later than **November 1, 2024**. All motions in limine must be numbered consecutively with a title listing the subject matter of the motion.

    a. **Responses**: Responses to such motions, which also must be accompanied by a short statement of applicable law, shall be filed by counsel on or before **November 15, 2024**.

    12. **Biographical Sketches**: Biographical sketches of any proposed expert witness shall be filed with the Court and with opposing counsel by **November 1, 2024**.

    13. **Joint Pretrial Order**: A joint pretrial order (meaning that the parties combine their presentations into one document) shall be submitted to the Court not later than **November 22, 2024**. The joint pretrial order **shall contain ONLY the matters set forth**

**below, unless additional items are added by joint agreement of the parties,** in the **following order:**

(1) the pretrial disclosures required by FED. R. CIV. P. 26(a)(3), including witness and exhibit lists and any objections thereto;

(2) contested issues of law requiring a ruling before trial;

(3) a realistic, brief statement by counsel for plaintiff(s) and third-party plaintiff(s) of essential elements that must be proved to establish any meritorious claim remaining for adjudication and the damages or relief sought, accompanied by supporting legal authorities;

(4) a realistic, brief statement by counsel for defendant(s) and third-party defendant(s) of essential elements that must be proved to establish any meritorious defense(s), accompanied by supporting legal authorities. Corresponding statements must also be included for counterclaims and cross-claims;

(5) a brief summary of the material facts and theories of liability or defense;

(6) a single listing of the contested issues of fact and a single listing of the contested issues of law, together with case and statutory citations;

(7) stipulations;

(8) suggestions for the avoidance of unnecessary proof and cumulative evidence;

(9) suggestions concerning any need for adopting special procedures for managing potentially difficult or protracted aspects of the trial that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems;

(10) a statement of all damages claimed, including an itemized list of special

damages;

(11) a statement setting forth a realistic estimate of the number of trial days required; and

(12) any other matters relevant for pretrial discussion or disposition, including those set forth in FED. R. CIV. P. 16.

14. **Final Pretrial Conference:** The Final Pretrial Conference shall be held on **December 2, 2024, at 2:00 p.m., in Wheeling, West Virginia**. The conference shall be attended by lead trial counsel for each represented party and all unrepresented parties. Counsel shall be prepared to participate fully and to discuss all aspects of the case as well as the matters set forth in the Joint Pretrial Order previously submitted.

At least one of the attorneys for each party and all unrepresented parties participating in the Pretrial Conference, or any conference before trial, shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failure to comply with this requirement and for lack of preparation specified in FED. R. CIV. P. 16(f) and LR CIV P 37.01 respecting pretrial conferences or orders.

15. **Jury Trial:** Jury selection in this action shall be held on **December 9, 2024, at 9:00 a.m., in Wheeling, West Virginia**. Trial will commence upon the completion of jury selection.

Testing of any courtroom technology, if intended to be used at trial, shall be conducted at least **three (3) business days before** the commencement of trial.

The Court's practice is to keep side-bar conferences to the absolute minimum and

will generally allow objections to be more fully explained on the record after testimony for the day has concluded and the jury has been released.

A party or parties requesting a continuance must contact all other parties to determine three possible dates to which to move the deadline or hearing. The moving party must specify these three possible dates within the motion to continue. LR Gen P 88.02. If any party or parties object to a continuance, that fact shall be noted in the motion.

16. **Deadlines Final:** The time limitations set forth above shall not be altered except as set forth in LR Civ P 16.01(f).

17. **Finality of Scheduling Order:** Unless authorized by the Court, the above dates and requirements of this Scheduling Conference Order are **FINAL**. Therefore, **NO** additional evidence developed as a result of deviations from the above will be admissible at trial, and no untimely motions will be considered.

All dates for submissions, deliveries, and filings with the Clerk of the District Court refer to the date the materials must be actually received and not the mailing date.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** October 17, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE