IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

                                                    Civil Action No. 5:23-cv-46

v.

LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR, & MOUGEY P.A., et al.

    Defendants.

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Because Defendant Principal Law Group, LLC is currently unrepresented in this litigation, Plaintiff Diana Mey moves for an order directing Principal Law to appoint new counsel and have them file a notice of appearance within 7 days of that order. If Principal Law fails to appoint new counsel and to appear within the time provided, then Plaintiff moves for entry of default under Federal Rules of Civil Procedure 16(f) and 55(a). The grounds for same are as follows:

    1.    Principal Law's counsel filed a Motion for Leave to Withdraw. [Doc. 87]. On January 4, 2024, this Court granted that motion and terminated counsels' representation of Principal Law in this litigation. [Doc. 88].

    2.    Given that Principal Law is currently unrepresented—to date, no new counsel has noted an appearance or reached out to Plaintiffs' counsel—the litigation against Principal Law is effectively at a standstill.

3. "When a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Additionally, "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order." Fed. R. Civ. 16(f) (cleaned up). Sanctions available under Rule 37 include "(iii) striking pleadings in whole or in part" and "(vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). "The appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir.2004).

4. Here, failing to appoint counsel, after appropriate court warning, should result entry of default. *See Norfolk S. Ry. Co. v. Matriculated Servs., LLC*, No. 1:19-cv-202, 2022 WL 2764703, at *3 (N.D.W. Va. July 15, 2022) (Keeley, J.) (striking answer and entering default as a result of party's failure to appoint counsel or otherwise participate in the litigation); *Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D.Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default."); *Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, 2014 WL 6901201, at *2 (N.D. Tex. Dec. 8, 2014) ("When a

corporation declines to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant.").

5. Because Principal Law is currently unrepresented in this litigation, Plaintiff requests an order directing Principal Law to note the appearance of new counsel within 7 days so this litigation can continue apace. If Principal Law chooses to ignore this Court's directive and otherwise refuses to participate in this litigation, terminating sanctions are appropriate.

WHEREFORE Plaintiff moves for an order directing Principal Law to note the appearance of counsel within 7 days of that order. In the event Principal Law fails to designate substitute counsel within the allotted period, Plaintiff moves this Court to strike Principal Law's answer to the complaint and direct entry of default.

**DIANA MEY**

By Counsel

/s/Andrew C. Robey
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on January 18, 2024, a true copy of foregoing document was served upon all parties of record via electronic mail. In addition, a hard copy was served upon Principal Law by U.S. Mail at the below address:

Principal Law Group, LLC
10441 Racetrack Road, Suite 3B
Berlin, Maryland 21811

Principal Law Group, LLC
c/o Deborah Crist, Registered Agent
1614 Mercers Way
Berlin, Maryland 21811


/s/ *Andrew C. Robey*
Andrew C. Robey (WVSB #12806)