# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**DIANA MEY**, individually and on behalf
of a proposed class,

          Plaintiff,

v.                                            **Civil Action No. 5:23-CV-46**
                                                              Judge Bailey

**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY P.A.; PRINCIPAL
LAW GROUP, LLC; JOHN DOE DEFENDANTS 1-5;**
and **MCM HUSTLE LLC,**

          Defendants.

## ORDER

On January 18, 2024, plaintiff filed a Motion for Entry of Default [Doc. 90]. Therein, plaintiff asked this Court to issue an Order requiring defendant Principal Law Group, LLC ("Principal Law") to appoint new counsel and file a notice of appearance within seven (7) days of that Order. In the event that Principal Law failed to appoint counsel and appear within the time provided, plaintiff moved for an entry of default pursuant to Federal Rules of Civil Procedure 16(f) and 55(a). On January 23, 2024, this Court issued an Order directing Principal Law to file a notice of appearance of counsel within fourteen (14) days of the Court's Order. *See* [Doc. 91]. More than fourteen (14) days have passed since this Court's January 23, 2024 Order.

Originally, Principal Law was represented by Kevin W. Kita and James M. Popson and the law firm Sutter O'Connel; and Alonzo D. Washington and the law firm Flaherty

Sensabaugh & Bonasso PLLC. However, on January 2, 2024, Principal Law's counsel moved this Court for leave to withdraw as counsel because Principal Law had failed to fulfill its obligations to counsel and its "failure to fulfill obligations to Counsel will result in an unreasonable financial burden on Counsel and will render continued legal representation of PLG unreasonably difficult." See [Doc. 87]. This Court granted the Motion and terminated Principal Law's counsel. See [Doc. 88].

To obtain a default judgment, the moving party must first seek an entry of default, which is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." Fed. R. Civ. Pro. 55(a). Once default is entered by the Clerk, the party may seek a default judgment against the defaulting party. Fed. R. Civ. Pro 55(b). Federal Rule of Civil Procedure 16(f) provides that a Court may impose sanctions upon any party that "fails to obey a scheduling or other pretrial order." These sanctions may include those listed in Federal Rule of Civil Procedure 37(b)(2)(A), such as "prohibiting the disobedient party from supporting or opposing designated claims," "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," "dismissing the action," or "rendering a default judgment against the disobedient party."

Principal Law has refused outright to participate in the litigation and the Court's efforts to reach it have gone unanswered. Given this history, sanctions are now appropriate. Pursuant to Rule 16(f) and 37(b), the Court concludes that striking Principal Law's Answer and directing the Clerk to enter default against it is an appropriate sanction for Principal Law's abandonment of its defense and violation of the Court's directives. The Court notes that this entry of default terminates Principal Law's right to present evidence

or appear in this action. Accordingly, this Court **DIRECTS** the Clerk to enter default against defendant Principal Law, LLC.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to Principal Law Group, LLC via certified mail, return receipt requested at 20 F Street NW, 7th Floor, Washington, DC, 20001.

**DATED**: February 29, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE