IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

                                    Civil Action No. 5:23-cv-46

PRINCIPAL LAW GROUP, LLC, et al.

    Defendants.

### Plaintiff's Motion for Approval of Class Notice Plan

Plaintiff Diana Mey respectfully moves the Court for approval of her proposed Notice Plan, which fully satisfies all Rule 23(c) and due process requirements.

On January 7, 2025, the Court granted the Plaintiff's motion to certify a class under the Telephone Consumer Protection Act consisting of "all individuals appearing on the Call Detail Records attached as Exhibit A to the Plaintiff's motion for class certification [ECF No. 106 at 1; ECF No. 107 at 4]." ECF No. 114. Now, Rule 23(c)(2)(B) provides that "the Court must direct to Class Members the best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Wal-Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541, 2558 (2011).

Notably, the Class Defendant, Principal Law Group, LLC, has not participated in this litigation since February 29, 2024, when the Court granted defendant's counsel's motion to withdraw. Nonetheless, the Plaintiffs was subsequently able to

obtain call detail records ("CDR") identifying approximately 1,027 calls placed by MCM Hustle LLC and forwarded to Principal Law.

Following the Class Certification Order, Class Counsel retained Class Experts Group, LLC ("CEG" and the "Class Administrator"), a recognized leader in class action administration, to develop a notice plan. CEG's credentials and a detailed description of the notice plan are set forth by CEG in the Report attached hereto as Exhibit A. Working from the data contained in the CDR, CEG will employ industry-standard reverse-append processes to identify up to five associated email addresses per class member. Thereafter, email Notice will be sent to each address. The Notice will include:

- The case caption and court information, with a statement that the Notice has been authorized by the Court;

- A concise description of the certified class, along with a basic description of the nature of the action and class claims;

- Contact information for Class Counsel and the Class Administrator, for those who wish to obtain more information;

- Notice of the right to "opt out" of the class by mailing a request to the Class Administrator within the time frame set forth by the Court;

- Notice that any class member who does not submit a valid "opt out" request will be bound by all Orders and any Judgment issued by the Court;

- Notice that a Class Member may enter an appearance through an attorney if the Member so desires

- Notice that Class Counsel may request attorneys' fees and expenses to be paid from any recovery or by the Class Defendant;

2

- Answers to "Frequently Asked Questions" in a format suggested by the Federal Judicial Center and previously approved by this Court in other certified class actions.

In order to ensure that notice reaches an adequate number of class members, the email notices will be tracked by CEG for their status as "delivered," "opened," and or "bounced."

In addition, Plaintiff requests that the Court order the Class Defendant to post conspicuous notice of the lawsuit and a copy of the Class Certification order in a banner at the top of each page of its website, and that failure to do so may result in sanctions against the Class Defendant and its individual owners, partners, and principals. *See Stuart v. State Farm Fire & Cas. Co.*, 332 F.R.D. 293, 298 (W.D. Ark. 2019) (authorizing notice plan that included website banner on defendant's website to supplement individual notice mechanisms). Though the Class Defendant has refused to participate in this litigation, it continues to do business and its website—maintained at www.principallawgroup.com—remains active and has been updated in 2025.

This proposed Notice Plan—combining targeted email communications with publication on the Class Defendant's website—is designed to ensure the "best practicable notice under the circumstances." Since Rule 23 was amended to expressly permit notice by "electronic means," courts have regularly approved notice via email. *See, e.g., Amoko v. N&C Claims Serv., Inc.,* 577 F. Supp. 3d 408, 416 (D.S.C. 2021). Although notice via email is especially appropriate where, as here, the Defendant's records do not include Class Members' mailing addresses, some courts have found

3

email to be a superior means of providing notice even when class members' addresses are known. *See Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1245 (S.D. Fla. 2016). As another court in this district recently held, for notice purposes, "email is a more reliable form of communication than paper mailing, given that mailing addresses tend to change more often than email addresses." *O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 610 (S.D.W. Va. 2020).

Accordingly, Plaintiff respectfully requests that the Court enter an order:

1. Approving the proposed Notice Plan, finding that it comports with both Rule 23 and due process requirements;

2. Directing that such Notice be provided within 30 days of authorization, and that Class members be provided 30 days to opt-out;

3. Directing the Class Defendant to, within 30 days of authorization, post conspicuous notice of the lawsuit and a copy of the Class Certification order at the top of each page of its website, and that failure to do so may result in sanctions against the Class Defendant and its individual owners, partners, and principals.

**DIANA MEY, CLASS REPRESENTATIVE**
By Counsel:

/s/ *Ryan McCune Donovan*
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com

4

**Certificate of Service**

      On March 14, 2025, I served the foregoing on counsel of record via CM/ECF. Per Rule 5(a)(2), a party in default for failure to appear need not be served.

      /s/ *Ryan McCune Donovan*
      (WVSB #11660)