IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY,** on behalf of herself and a class
of others similarly situated,

        Plaintiff,

v.                                                             **CIV. ACT. NO. 5:23-CV-46**
                                                                   Judge Bailey

**PRINCIPAL LAW GROUP, LLC,** et al.,

        Defendants.

## ORDER

On February 29, 2024, at the direction of this Court, the Clerk entered default against defendant Principal Law Group, LLC. [Docs. 95 & 96]. Thereafter, plaintiff filed the instant Motion for Default Judgment and Award of Attorneys' Fees and Costs. [Doc. 123]. For the reasons below, this Court will **GRANT IN PART** and **DENY IN PART** the Motion.

### I.    Default Judgment

Because the damages claimed by plaintiff are statutory in nature, the Court finds that the damages are able to be made certain by computation, and therefore, no hearing is necessary. See ***Mey v. Castle L. Grp., PC***, 2022 WL 3108034, at *6 (N.D. W.Va. July 5, 2022) (Bailey, J.) *aff'd sub nom.* ***Mey v. Phillips***, 71 F.4th 203 (4th Cir. 2023) ("While the Court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b)(2), it may also award damages without a hearing where the amount claimed 'is

1

capable of mathematical calculation.'" (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). "This is especially true where the award is that of statutory damages." *Id.* (citing *Frazier v. Absolute Collection Service, Inc.*, 767 F.Supp.2d 1354 (N.D. Ga. 2011) and *Pope v. United States*, 323 U.S. 1, 12 (1944)).

In considering a motion for default judgment, the Court generally "takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "Once a default has been entered on a claim for an indefinite or uncertain amount of damages, 'facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding . . . .' A defaulted claim thus precludes a party from contesting the facts in the complaint that establish liability." *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) and 10A Charles A. Wright et al., Federal Practice & Procedure § 2688 (3d ed. 1998)). See also *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

The Telephone Consumer Protection Act ("TCPA") provides for statutory damages of $500 per violation, and further permits trebled damages of $1,500 per call for willful or knowing violations. See 47 U.S.C. § 227(c)(5).

Plaintiff pled that the acts of defendant Principal Law Group, LLC or its agents were willful and/or knowing, and, like other allegations upon default, these facts are accepted as true. [Doc. 38 at ¶ 54]. Accord *Mey v. Castle L. Grp., PC,* 2022 WL 3108034, at *5.

Accordingly, the admitted factual allegations establish that each of the 1,027 calls identified in the Call Detail Records ("CDRs") amounted to willful violations of the TCPA's Do Not Call provisions. See [Doc. 106-1]. Consequently, the total sum certain for final judgment is $1,540,500 (1,027 calls x $1,500).

## II.     Fee Award

Upon a cursory review of plaintiff's claimed attorneys' fees and costs, they appear reasonable. However, there is no evidence within the record before this Court that notice of Plaintiff's Motion for Attorneys' Fees and Costs was provided to the Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(h)(1). For this reason, Plaintiff's Motion is **DENIED IN PART WITHOUT PREJUDICE**.

## III.    Conclusion

Plaintiff's Motion for Default Judgment and Award of Attorneys' Fees and Costs [**Doc. 123**] is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. This Court hereby **ORDERS** default judgment for the plaintiff in the amount of **$1,540,500**, and **DIRECTS** the Clerk to enter Default Judgment against Principal Law Group, LLC in favor of plaintiff for the same. Plaintiff is **DIRECTED** to re-file its Motion for Attorneys' Fees and Costs and to provide notice thereof to the Class Members in compliance with Federal Rule of Civil Procedure 23(h)(1). Plaintiff's request for $10,000 in recognition of her efforts on behalf of the class will also be addressed at that time.

It is so **ORDERED**.

The Clerk is directed to provide copies of this Order to all counsel of record and to mail a copy to Defendant Principal Law Group, LLC at its last known address on file with the Court.

**DATED**: July 22, 2025.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE