IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

                                      Civil Action No. 5:23-cv-46

PRINCIPAL LAW GROUP, LLC, et al.

    Defendants.

## CLASS RESPONSE CONCERNING ORDER TO SHOW CAUSE

On October 20, 2025, the Court entered an Order directing Defendant Principal Law Group to show cause why it (and its principals) should not be held in contempt for violating the Court's Order approving the class Notice Plan (ECF No 132). In its *Response*, PLG admitted to *intentionally and strategically* violating the Court's Order because PLG thought the Order was wrong.

PLG's defiance of the Court's authority began in January 2024, when it failed to heed the Court's Order to obtain new counsel following its attorneys' withdrawal. In its *Response*, PLG concedes that it was aware of the Court's Order and what was happening in the litigation, but could only "do and say nothing." PLG's claim that it could not possibly obtain counsel, however, strains credulity. Though a corporate entity cannot appear *pro se*, PLG is a law firm comprised of lawyers, and any one of them could have acted as PLG's counsel. And while it seems exceedingly unlikely that PLG could not find a single lawyer to sponsor an attorney's *pro hac vice*

admission, PLG could have simply explained its circumstances and asked the Court to depart from the Local Rule requiring a sponsoring attorney. *See* L.R. Gen P. 89.01("A district judge may, in the interest of orderly, expeditious and efficient administration of justice, allow departures from these Local Rules when warranted by particular facts and circumstances."). PLG's decision to "do and say nothing," therefore, was borne of strategy, not necessity.

Nonetheless, despite PLG's obstinate refusal to participate, Plaintiff was able to obtain class records and, on January 7, 2025, the Court certified the class. ECF No. 114. Thereafter, the Court approved the Plaintiff's proposed Notice Plan which, among other things, required PLG to post notice of the lawsuit and a copy of the certification order on PLG's website, with an express warning that "failure to do so may result in sanctions against the Class Defendant and its individual owners, partners, and principles." ECF Nos. 119 & 122.

PLG concedes that it was aware of this Order, but states that its partners "felt the best thing to do in this situation was to do nothing" because they "believ[ed] this [default] judgment to be both factually and legally wrong." Complying with the Court's Order, they argue, "could be construed as evidence that we accepted the judgment as valid." This excuse fails for two reasons. First, it is astounding that *a law firm* would take the position that disagreement with a court's order could ever be a valid excuse for noncompliance. It is, of course, not. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) (noting the "basic proposition that all orders and judgments of courts must be complied with promptly"; if a party

disagrees, the proper remedy is an appeal). Second, PLG has the timeline wrong. The Court approved the Notice Plan in March 2024, meaning PLG violated the Court's Order for months before the default judgment was entered until late July. Thus, PLG's *post hoc* "excuse" for noncompliance—though plainly invalid as a matter of law—cannot be true. It is a pure falsehood; yet another sanctionable act.

Aside from admitting its willful violation of the Court's orders, the remainder of PLG's *Response* is devoted to challenging the merits of the Plaintiffs claims: PLG says it "did absolutely nothing wrong"; that it has evidence of consent; and that the class judgment should have been offset by the amount of the Plaintiff's settlement with another defendant. None of these arguments have merit, but at this stage it is sufficient to say that that if PLG had defenses to the Plaintiff's claims—especially affirmative defenses—the time to raise them was before their Answer was struck and judgment was entered.

At bottom, PLG's *Response* not only fails to show cause why it should not be held in contempt, it does the opposite, establishing an intentional, long-running, and continuing violation of the Court's order—*by a law firm*—which has caused substantial prejudice to the class. In light of these circumstances, significant sanctions are warranted. Accordingly, Plaintiff requests that Defendant PLG and its principles, Gregory March, Dennis March, and David Vermont be:

1. Found in contempt of the Court-ordered Notice Plan and be fined $10,000 for the 239 days (and counting) it has willfully ignored the order, plus $1,000 per week until the contempt is purged;

2. Ordered to reimburse Class Counsel for the cost of implementing the Court-ordered Notice Plan;

3. Ordered to pay Class Counsel's reasonable attorneys' fees and costs incurred to enforce compliance with the Court-ordered Notice Plan; and

4. Ordered to confer with Class Counsel, within seven days, to agree upon dates for depositions *duces tecum* pursuant to Rule 69(a)(2).

Further, Plaintiff requests that attorney David Vermont be referred to the appropriate ethics authorities in each jurisdiction in which he is licensed to practice law.

        **DIANA MEY**

        By Counsel:

        /s/ Ryan McCune Donovan
        Ryan McCune Donovan (WVSB #11660)
        Andrew C. Robey (WVSB #12806)
        HISSAM FORMAN DONOVAN RITCHIE PLLC
        P.O. Box 3983
        Charleston, WV 25339
        t: 681-265-3802
        f: 304-982-8056
        rdonovan@hfdrlaw.com
        arobey@hfdrlaw.com

5

## CERTIFICATE OF SERVICE

I certify that on November 18, 2025, a true copy of the foregoing document was served upon all parties of record electronically via this Court's CM/ECF system, and that, consistent with the Court's prior orders, actual notice was provided to the Defendant PLG and its principles, Gregory March, Dennis March, and David Vermont via email and First Class Mail.

/s/ Ryan McCune Donovan
Ryan McCune Donovan (WVSB #11660)